[Filed December 1, 1891.]

## D. M. OSBORNE & CO. *v.* R. N. MORRIS et al.

Jury—Amendment of Verdict.— The common law right to amend a verdict after the jury is discharged, is not abrogated by sections 211 and 212 of Hill's Code.

Linn county: R. P. Boise, Judge.

Plaintiff appeals. Affirmed.

The only question in this case arises upon the action of the court in amending the verdict after the jury was discharged. After entitling the case, the verdict was as follows:

"We, the jury, in the above entitled cause find for the defendants in the sum of $40.00.

"Scott Ward, Foreman."

This verdict was returned into court on the tenth day of March, 1891, and the jury then discharged and the verdict filed.

On the eleventh day of March, 1891, the plaintiff moved to set aside the verdict and grant a new trial for the reason that said verdict was contrary to law and was not supported by the evidence or pleadings in the cause. Upon the hearing of this motion, the defendants moved to amend the verdict by striking out of the same the word defendants and inserting in lieu thereof the words "the defendant R. N. Morris," which latter motion was allowed by the court, and the verdict so amended, and then the plaintiff's motion was overruled and judgment entered on the verdict as amended, from which this appeal is taken.

The defendants Deyoe & Robson and R. N. Morris answered together, but said answer contained a counter-claim in favor of R. N. Morris only, for work and labor done and performed by him for the plaintiffs at their special instance and request for one hundred and five dollars and eighty cents, and there is nothing in the answer that would have entitled Deyoe & Robson to a verdict for any sum whatever. No objections were made to the answer by motion or demurrer.

*H. H. Hewitt*, for Appellant.

*J. K. Weatherford*, for Respondent.

STRAHAN, C. J.—The sole question in this case is as to the power of the trial court to amend the verdict after the jury was discharged. Counsel for appellant contends that the only power the court has over the verdict is conferred by sections 211, 212, Hill's Code, and that these sections have abrogated and taken away the common law power of courts over verdicts; and that whatever authority a court can now exercise over a verdict must be done under and pursuant to these two sections of the code. Section 211 is as follows: "When a verdict is given and before it is filed, the jury may be polled on the request of either party, for

which purpose each shall be asked whether it be his verdict.   If any juror answer in the negative, the jury shall be sent out for further deliberation.   If the verdict be informal or insufficient, it may be corrected by the jury under the advice of the court or the jury may again be sent out."   And section 212 of the code provides: "When the verdict is given and is such as the court may receive, and if no juror disagree or the jury be not again sent out, the clerk shall file the verdict.   The verdict is then complete, and the jury shall be discharged from the case."

Counsel for appellant contends that these sections provide a method of changing the verdict and putting it in proper form, and being a remedy provided by statute, it is to be taken as the exclusive and only method.   But this is not within the principle contended for.   The right to amend a verdict is of common law origin and very ancient. (*Doe* v. *Perkins*, 3 T. R. 749; *Henley* v. *Corporation*, 6 Bing. 100; *Richardson* v. *Mellish*, 3 Bing. 334; *Mellish* v. *Richardson* (in error), 7 Barn. & Cress. *819; *Chapman* v. *Gale*, 2 Lev. 22.)   And if it be conceded that these sections might furnish a sufficient remedy if the attention of the court were drawn to the defect in the verdict at the time it is brought into court and before the jury is discharged, still I do not think they could be so construed as to take away the power of amendment as it existed at common law.   Its evident object was to enable the court wherever it was practicable to correct such errors in the verdict as escaped the vigilance of those interested in the trial until after the jury had separated.   To hold that this power was taken away from the courts by these sections would be to deprive them of a most important power, which they have exercised time out of mind, and always in furtherance of justice.   The authorities fully illustrate how convenient and salutary the rule is in practice, and the numerous cases in which it has been applied. (*Phillips* v. *Kent*, 3 Zab. 155; *Murphy* v. *Stewart*, 2 How. 263; *Stewart* v. *Fitch*, 31 N. J. L. 17; *Clark* v. *Lamb*, 8 Pick. 415; 19 Am. Dec. 332; *Humphrey* v. *Mayor, etc.* 48 N. J. L. 588;

*Koon* v. *Ins. Co.* 104 U. S. 106; *Schweitzer* v. *Connor*, 57 Wis.
177; *Burlingame* v. *Central R. of Minn.* 23 Fed. Rep. 706;
*Riley* v. *Williams*, 123 Mass. 506; *Cohn* v. *Scheuer*, 115 Pa. St.
178; *Dalrymple* v. *Williams*, 63 N. Y. 361; 20 Am. Rep. 544.)

The briefest reference to the facts of this case will show
the importance of the principle under consideration. By
oversight, no doubt, counsel united the defendants Deyoe &
Robson with Morris in an answer; but the new matter
therein was the answer of Morris alone. He alone rendered
the service, and he only was entitled to compensation; and
yet the jury returned a verdict in favor of all the defendants
for forty dollars. It is too plain for argument that this was
a mere oversight, and to reverse the judgment when the
correction has already been made by the trial court would
certainly be sanctioning and approving a degree of refine-
ment and technicality not at all in harmony with the
purposes for which courts are instituted.

Let the judgment appealed from be affirmed.