10735

ADAMS v. WILKES *ET AL.*

(109 S. E. 804)

1. APPEAL AND ERROR—FINDINGS ON CONFLICTING EVIDENCE NOT DISTURBED.—Finding of jury on sharply conflicting evidence cannot be disturbed on appeal.

2. EVIDENCE—CONCLUSION OF EXPERT HELD PROPERLY EXCLUDED.—In an action against installers of heating plant for damages for loss of house by fire, Court did not err in refusing to allow witness offered as an expert to state that pipe was not properly installed, and to

state where in his opinion the fire started, having been allowed to state that the chimney was built wrong, that pipe entered the corner thereof, and to be safe it should have entered at front of the chimney, etc., since the opinion of witness as to where the fire started must necessarily have been a conjecture which the jury were as capable of forming as the witness.

3. APPEAL AND ERROR—ERRONEOUS EXCLUSION OF EVIDENCE CURED BY ADMISSION OF TESTIMONY OF SAME WITNESS.—Any error of the Court in refusing to allow a witness to answer the question, "If that pipe had been properly installed, how ought it to have gone in there," was cured where such witness as an expert testified what would have been a proper way to install the pipe.

4. APPEAL AND ERROR—EXCEPTION CONTRARY TO RULE NOT CONSIDERED.—An exception containing three distinct propositions with no specification of error to any one of them in violation of Supreme Court Rules, No. 5, § 6 (90 S. E. VII) will not be considered.

5. EVIDENCE—PLEADED PORTION OF CONTRACT BELOW SIGNATURE HELD ADMISSIBLE.—Court did not err in allowing in evidence the pleaded portion of a contract containing a guaranty which appeared below the signature of the complaining party, being upon the same sheet and becoming a part of the contract regardless of the particular point upon the paper where the signature appeared.

6. EVIDENCE—TEST OF FURNACE HELD ADMISSIBLE IN ACTION FOR LOSS BY FIRE.—In an action against installers of heating plant for loss of house by fire claimed to have been caused by proximity of wood to pipe, where defendant contended that furnace did not start fire, Court properly permitted witness to testify that they tied paper on the pipe of a larger furnace, and that the pipe did not set it afire, though the paper was left there 3 1-2 hours with the register red hot.

7. TRIAL—ALLOWING ATTORNEYS TO ACCOMPANY JURY IN VIEWING PREMISES DISCRETIONARY.—It is discretionary with the presiding Judge to allow or refuse to allow attorneys in the case to accompany the jury on an inspection of premises involved.

8. NEGLIGENCE—INSTRUCTION HELD NOT TO ABSOLVE INSTALLERS OF FURNACE FROM EXERCISING DUE CARE.—In an action against installers of heating plant for damages for loss of house by fire, an instruction *held* to protect plaintiff from any possible inference that in contracting to furnish a suitable chimney defendants were absolved from the duty of due care under the circumstances.

9. TRIAL—VERDICT IN SINGULAR INSTEAD OF PLURAL NOT REVERSIBLE.—In an action against several defendants, plaintiff cannot complain that the verdict was in the singular, "for the defendant," instead of in the plural.

Before MOORE, J., Laurens, November, 1920. Affirmed.

Action by J. J. Adams against S. M. Wilkes et al., partners as S. M. & E. H. Wilkes & Co. Verdict for defendants and plaintiff appeals.

*Messrs. Richey & Richey* and *H. S. Blackwell,* for appellant, cite: *Expert witness may give opinion from known facts*: 57 S. C., 448; 59 S. C., 318; 65 S. C., 26. *Attorneys should have been allowed to accompany jury to the locus*: 38 Cyc., 1314; 98 Fed., 830; 39 C. C. A., 318. *Appellants have thirty days to except to erroneous rulings*: Code Proc. 1912, Sec. 384.

*Messrs. Simpson, Cooper & Babb* and *Featherstone & Knight,* for respondents, cite: *Expert witness could not give opinion as to origin of fire, the fact in issue*: 81 S. C., 193; 94 S. C., 388; 59 S. C., 318. *Admission of testimony must be shown to be prejudicial*: 87 S. C., 415; 88 S. C., 80; 83 S. C., 287; 84 S. C., 290; 91 S. C., 523. *Testimony as to test made with another and larger furnace of the same make admissible*: Jones Ev., Sec. 410; 163 U. S., 673; 41 L. Ed., 300; 48 A. L. R., 420; 53 A. L. R., 361; 15 A. L. R., 247; 66 S. C., 32. *Details of inspection of locus within discretion of the Judge*: 1 Civ. Code 1912, Sec. 4051; 83 S. C., 569.

October 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $7,000 damages, alleged to have been sustained by the plaintiff in the destruction of his dwelling house by fire caused by the alleged negligence of the defendants in installing a heating plant, which they had undertaken under a written contract. The case was tried before Judge Moore and a jury, November term, 1920, and resulted in a verdict for the defendant. Plaintiff appeals.

: On April 2, 1919, the plaintiff and the defendants entered into a written contract by which the defendants undertook to furnish and install in the plaintiff's dwelling house a heating plant of specified description, with certain accessories mentioned, for $253.50. The contract contained a certain guaranty, the only portion of which pertinent to the present controversy is an undertaking on the part of the plaintiff to furnish "a suitable chimney," into the lower part of which the smoke pipe from the furnace was to be inserted.

The contention of the plaintiff was that the connection between the smoke pipe and the flue of the chimney was negligently made, in that the end of the pipe where it entered the chimney was so near the woodwork of the house, the sill, and hearth box that the latter caught fire from the heat of the pipe and destroyed the house. The defendants contend that the installation was properly completed and that the fire originated from some other cause. Each contention was supported by more than a dozen witnesses. The issue was sharply drawn, one of fact, submitted to the jury in an exceedingly clear and fair charge; they decided it in favor of the defendants, and their verdict cannot be disturbed unless the appellant has been able to point out prejudicial error in the admission of testimony or in the charge of the presiding Judge. This he has failed to do, as we will endeavor to demonstrate.

The first exception imputes error in refusing to allow the witness Fitzsimmons to state that the pipe was not properly installed and to state where, in his opinion, the fire started, the witness having, as claimed, qualified as an expert in the investigation and location of the origin of fires.

The witness was allowed to state that the flue (of the chimney) was built wrong; that the pipe entered the corner

of the chimney; that to be safe it should have entered in front of the fireplace, and not at the corner of the chimney; with an elbow; that, entering the corner, there should have been a course of two bricks laid flat between the entrance of the pipe and any inflammable material. It was. a necessary conclusion from this testimony that the pipe was not properly installed, which the jury were as capable of forming as the witness, and must have formed if they believed the witness. The refusal to allow the witness to state the only possible conclusion from this testimony was entirely proper.

The question of the origin of the fire was one of the issues of fact in the case, to be determined by the jury from the evidence. The opinion of the witness must necessarily have been a conjecture, which the jury were as capable of forming as the witness; the matter was properly left to them.

The second exception imputes error in refusing to allow the witness May to answer the question:

"If that pipe had been properly installed, how ought it to have gone in there?"

The agreed case contained the statement:

"The witness then as an expert testified what would have been a proper way to have put the pipe in the chimney."

This covered any possible error that may have been committed.

The third exception contains three distinct propositions, with no specification of error to any one of them, in violation of Rule 5, § 6, Supreme Court Rules (90 S. E., VII), and will not be considered.

The fourth exception imputes error in allowing in evidence the printed portion of the contract containing the guaranty, which appeared below the signature of the plaintiff. The guaranty was upon the same sheet, and became a part of the contract regardless

of the particular point upon the paper where the signature appeared.

The fifth exception imputes error in the admission of the testimony of two witnesses who testified to a paper test they had made to ascertain whether the heat of the pipe would be sufficient to ignite inflammable material at a point about 11 feet from the furnace. The contention of the plaintiff was that the pipe set fire to a wooden sill about four inches from the end of the pipe at the point where it entered the chimney. The testimony of the witnesses was to the effect that they made the paper test upon a furnace larger than the plaintiff's, the paper being tied on the pipe and left there 3 1-2 hours with the register red hot, and that it did not ignite. The testimony was clearly admissible.

The sixth exception imputes error in refusing to allow the attorneys in the case to accompany the jury in an inspection of the premises; a matter within the discretion of the presiding Judge.

The seventh exception is obnoxious to Rule 5, § 6. We may say, however, that the Circuit Judge was exceedingly particular to protect the plaintiff from any possible inference that, in contracting to furnish a suitable chimney, the defendants were absolved from the duty of exercising due care under the circumstances. He charged the jury:

"So, if you conclude that the heating plant caused the fire, you next ascertain from the evidence whether or not there was negligence and carelessness on the part of the defendants in putting it in. Did they put it in so as to bring the heat in contact with, or so near, the timber as to communicate fire to the timber and then set fire to the house? Was there a piece of timber there, and by the exercise of due care could they have found out that it was there? These are questions of fact which you are to decide from the evidence, and the plaintiff must show you these facts

by the greater weight of the evidence before he can recover."

The eighth exception is a repetition of the foregoing grounds, except the specification that the verdict was in the singular, "For the defendant," instead of in the plural, which calls for no remark.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.