AMERICAN FISHERIES COMPANY, Petitioner for Certiorari

*vs.*

LAUREN M. SANBORN

JUDGE OF THE SUPERIOR COURT FOR THE COUNTY OF CUMBERLAND
in the matter of

MILES B. MANK MOTOR CAR COMPANY

*vs.*

AMERICAN FISHERIES COMPANY.

PETITION OF AMERICAN FISHERIES CO.

and

MOTION OF MILES B. MANK

as to
Three Trespass Actions

Cumberland, ss.            Supreme Judicial Court, April Term, 1921·

AMERICAN FISHERIES CO.

*vs.*

MILES B. MANK MOTOR CAR COMPANY

and

MILES B. MANK.

Cumberland County.   Decided March 1, 1923.   This per curiam covers two cases, one, a petition for certiorari, and the other, a motion of the American Fisheries Company to restore to the docket certain cases for trial.   The first case comes up on exceptions by the petitioner.

The petition for certiorari was for a writ to bring forward the following proceedings in which the defendants in error were plaintiffs in a process of forcible entry and detainer against the petitioner to

gain possession of certain described premises. In the Municipal Court judgment was rendered for the defendants in error. An appeal was taken, by the plaintiff in error, to the Superior Court of Cumberland County. The case was opened to a jury, the evidence submitted, and a verdict directed for the defendants in error, who were plaintiffs in the original suit. The petitioner assigns certain errors in the proceedings in the Municipal and Superior Courts, and asks that the record of the Superior Court, including the record of the Municipal Court, be certified to the Supreme Court for correction. The case was heard by Mr. Justice WILSON and his decision was in favor of the defendants in error. His decision was so manifestly correct, upon an assignment of errors so clearly without merit, that it would be neither of value as a precedent, nor of interest to the profession, to analyze his finding further than to quote the final paragraph, which sums up the whole case. "For every error alleged to have been committed there was ample remedy provided by the bill of exceptions. If the presiding Justice improperly refused them, Sec. 55, Chap. 82, provides a method of having them allowed. If Rule IV of the Superior Court applies to appeal cases tried without a jury the petitioner cannot now be allowed to complain because in his ignorance of the law he waived the right to reserve them. *Haines* v. *Co. Com.*, 110 Maine, 422. *Phillips* v. *Co. Com.*, 83 Maine, 541."

The motion to restore certain cases to the docket for trial also comes up on exceptions. The exceptions, however, are obviously insufficient to confer jurisdiction upon the law court, but, inasmuch as Mr. Justice WILSON, before whom the case was heard, has made a finding, the court will assume jurisdiction to the extent of approving of his decision so far as he has passed upon the facts therein contained. His finding was as follows: "The petitioner seeks to have certain cases tried at the April Term, 1921, of the Supreme Judicial Court, and which have gone to judgment, restored to the docket for trial upon the grounds that no legal verdict was rendered in the cases, which were tried together, and if any legal verdict was rendered, it was only against the Miles B. Mank Motor Car Company, a codefendant, and not against said Miles B. Mank.

"The petitioner bases its contention that no legal verdict was rendered against either defendant upon the claim that the verdict was not affirmed by the Jury after it was signed by the Foreman in open Court, a verdict for the defendant or defendants being directed by the Presiding Justice.

"The cases were tried together, and obviously it was the understanding of all parties that the actions against both defendants were being heard. If the singular number was used by the Court in referring to the defendants, it must, under the circumstances, be understood as referring to both defendants. The Clerk of Courts testified at the hearing on the petitioner's petition, that the verdicts were affirmed by the Jury in usual course.

"It is, therefore, held that legal verdicts were rendered in all three cases.

"It further appears that through inadvertency, the written verdicts, which were prepared by the Clerk, included only one defendant, viz: The Miles B. Mank Motor Co. That it was an oversight and a clerical error on the part of the Clerk is clear. For this reason we think it may now be corrected in accordance with what we have not the slightest question were the facts; that all parties understood that the cases against both defendants were being heard, and the directed verdicts were against them both in all three cases.

"The motion of the defendant to correct the records is therefore allowed, and the Clerk of Courts is hereby ordered to correct his records in accordance with these findings." Exceptions in each case overruled. *Arthur L. Hersey,* for petitioner. *A. S. Littlefield,* for Lauren M. Sanborn and Miles B. Mank.