F. A. BROWN *vs.* SUPERIOR COURT.

F. A. BROWN *vs.* GEORGE ALEXSON.

JULY 1, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   Petition No. 529 is for a writ of prohibition to restrain the Superior Court for the counties of Providence and Bristol from admitting one George Alexson to take the poor debtor's oath.   F. A. Brown, by a writ of arrest returnable to the Superior Court January 31, 1930, brought an action of trespass against George Alexson.   The

declaration contained five counts. The first two counts were in trespass on the case for deceit for false representations and promises whereby the plaintiff was induced to loan the defendant $1,000. The third and fourth were in trespass, alleging false representations and claiming double damages under the statute on the ground that the defendant should be deemed guilty of larceny. (G. L. 1923, C. 333, s. 16.)

The fifth count was for trover and conversion and alleged that plaintiff lost his money which was converted by defendant to his own use. The *ad damnum* in the writ and in the first, second and fifth counts was $1,500; in the third and fourth, $2,000.

The counts in trespass and trespass on the case were joined under authority of G. L., 1923, Chap. 333, Sec. 26, which provides that when a plaintiff has reason to doubt whether his action should be trespass or trespass on the case, he may bring either action and join therein counts in trespass and trespass on the case and judgment may be entered upon the counts under which the plaintiff may be entitled to recover.

The action was tried by a jury which returned a verdict of guilty upon the first count and not guilty on the other four counts. The form of the verdict, which was prepared by the clerk of the court and signed by the foreman of the jury, was in the general form, that defendant was guilty in manner and form as the plaintiff had in his declaration thereof complained against him and assessed damages for the plaintiff in the sum of $1,000. Four days after the trial, defendant moved that judgment be entered for the plaintiff in an action of trespass on the case in conformity with the jury's verdict. After a hearing and proof of the facts from the notes of the court stenographer, said motion was granted and the verdict as recorded was amended by the trial justice by adding thereto after the words "is guilty" the words "upon the first count." Judgment was entered on the verdict forthwith, as of the day of

the rendition thereof. Plaintiff duly excepted to this action of the trial justice. Thereafter plaintiff filed a petition for a writ of *certiorari* (M. P. No. 530) to correct the alleged error of the court.

Plaintiff claims the Superior Court was without power to amend the verdict; that as the writ was for trespass and there was a general verdict he was entitled to have judgment entered in an action of trespass rather than of trespass on the case. The reason for the claim is that under Section 10, Chapter 377, G. L., 1923, if the judgment and execution are for trespass, defendant is not entitled to take the poor debtor's oath immediately whereas he is if the judgment and execution are for trespass on the case.

The form of a verdict is a matter of procedure which is under the control of the trial court. It should conform to the proper findings of fact of the jury. If by mistake or inadvertence an incomplete record of the verdict is made, it is the duty of the court, when so informed, to correct the record of the verdict so that it shall conform to the facts and thereby make a correct record of the proceedings of the court.

In *Abraham* v. *the Superior Court*, 50 R. I. 207, this court decided that a true record of the verdict as it was returned by a jury could not, after the discharge of the jury, be changed to a contrary verdict either by direction of the court or by the action of the same jury when reassembled. In the instant case the clerk of the court made an incomplete record and it was the duty of the court to correct the record and thereby make it complete.

Assuming that plaintiff could properly bring his action either in trespass or trespass on the case, he could waive damages caused by the fraudulent acts of the defendant considered as trespasses and could maintain trespass on the case for the consequential injuries. *Trafford* v. *Hubbard et als.*, 15 R. I. 326; *Vogel* v. *McAuliffe*, 18 R. I. 791.

Being in doubt with respect to the form of the action, he joined counts in both forms of action. The jury found

defendant was not guilty in the action of trespass but was guilty in the action of trespass on the case. The question of liability under either form of action was decided by the jury and the judgment entered was correct and in accordance with the verdict.

Petition No. 529 for a writ of prohibition is denied.

Petition No. 530 for writ of *certiorari* is denied.

*Peter W. McKiernan, John C. Going, Ernest L. Shein,* for petitioner.

*William H. McSoley,* for respondent.