Shively *v.* McDonnell et al., Appellants.

Argued May 10, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. A. Welsh,* with him *C. F. Shipman* and *Robert P. F. Maxwell,* for appellants.

*J. Fred Schaffer,* with him *W. J. Sanders* and *Russell S. Machmer,* for appellee.

PER CURIAM, June 30, 1932:

This was an action of assumpsit on a bond given to plaintiff, the sheriff of Northumberland County, by A. J. McDonnell as principal, and the Pennsylvania Surety Company (subsequently merged with the Sun Indemnity Company) as surety, for the faithful performance by McDonnell of the trusts and duties of the office of principal deputy sheriff, to which office he had been appointed by plaintiff. The basis of the action was McDonnell's alleged official wrongdoing and the trial resulted in a verdict against defendants in the sum of $10,000. The case is now before us on the appeal of de-

fendants from the refusal of the court below to award judgment n. o. v. or grant a new trial.

All of the twenty assignments of error involve questions which were correctly disposed of in the comprehensive opinion of the court below, in which defendants' sixty-one reasons in support of the motion for a new trial were separately discussed and answered. Excluding the trial judge's rulings on questions of evidence, which were manifestly correct, the principal assignments of error relate to the following matters:

1. Appellants contend that the action is barred by the Statutes of Limitation and in particular by the Act of March 28, 1803, 4 Smith's Laws 48, which limits actions against sureties on bonds and recognizances of sheriffs to five years from the date of their execution. This act relates to official bonds given to the Commonwealth and has no application here.

Furthermore the bond is under seal and we have held many times that the defense of the Statutes of Limitation has no application in such case. See Lehigh County v. Gossler, 24 Pa. Superior Ct. 406, 409; Pittsburgh and Connellsville Railroad Co. v. County of Allegheny, 63 Pa. 126, 140; Chester City Presbyterian Church v. Conlin, 11 Pa. Superior Ct. 413, 419.

2. Appellants contend that the trial judge improperly admitted in evidence a letter from plaintiff to defendant surety company, containing self-serving declarations. The letter in question was offered merely for the purpose of showing notice of default and the trial judge specifically stated at the time that it had no bearing on the question whether or not the alleged embezzlement took place, but was received simply to show the character of the notice. This was not error: Hershey v. Love, 278 Pa. 161, 164; Crossgrove v. Himmelrick, 54 Pa. 203; Glatfelter v. Mendels, 46 Pa. Superior Ct. 562, 568.

3. Appellants argue that the court below erred in remoulding the verdict of the jury so as to read against

both defendants in the sum of $10,000. This is without merit, also, for there is no doubt of the power of the court to mould a verdict to agree with the obvious but unexpressed intention of the jury. See Haycock v. Greup, 57 Pa. 438; Thompson v. Emerald Oil Co., 279 Pa. 321, 326; Parks v. Bishop, 296 Pa. 91.

The assignments of error are all dismissed and the judgment of the court below is affirmed.