BENJAMIN BERKO, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A NEW JERSEY CORPORATION, AND THOMAS COMERFORD, DEFENDANTS-RESPONDENTS.

Argued May 2, 1934—Decided December 5, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff-appellant, *Arthur M. Karl.*

For the defendants-appellees. *Henry H. Fryling* (*William H. Speer* and *William F. Vosseller,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is the plaintiff's appeal from a judgment entered in favor of defendants on a verdict of no cause of action in the Common Pleas Court of Essex county. The suit arose out of personal injury alleged to have been suffered by the plaintiff through the negligence of the defendant, Public Service Co-ordinated Transport, a corporation, and Thomas Comerford, its bus driver. Both were named defendants.

The case was tried on March 27th, 1933, submitted to the jury in the usual manner, a verdict returned, judgment

entered in favor of Public Service Co-ordinated Transport, and no judgment entered as to the co-defendant, Comerford.

A rule to show cause was allowed as to why a new trial should not be had. The reasons advanced for a new trial were that the verdict was contrary to and against the weight of evidence; that it was the result of prejudice and mistake; that it was contrary to the instructions of the trial court; that it was inconsistent, incomplete and not dispositive of the issues presented by the pleadings; that it imported "repugnant, contradictory, irreconcilable and inconsistent findings" and was "irregular and defective and can only be cured by the trial court setting it aside and granting a new trial as to all the defendants."

The rule was argued by counsel and taken under advisement by the court.

In the meantime, and while decision on the rule to show cause was pending, defendants' counsel, *without notice* to counsel for plaintiff, presented a verified petition and an affidavit of the court clerk to the trial court, setting forth that the clerk of the court, through mistake, entered the verdict in this case in favor of the Public Service Co-ordinated Transport alone, when, as a matter of fact, the jury had returned a verdict of no cause for action as to both defendants, and prayed an order directing the clerk to correct the verdict in accordance with the finding as the jury had reported it.

The court received this proof and on July 20th, 1933, ordered that "the said record * * * be corrected * * * and shall include a judgment in favor of Thomas Comerford as well of no cause for action." On July 27th, 1933, the trial court discharged the rule to show cause.

Prescinding for a moment from the reasons set forth in the rule to show cause why a new trial should be granted, it is evident that the court's order, correcting the verdict and judgment, destroyed whatever efficacy the rule to show cause possessed. Once the omission in the judgment, as entered, at which the rule to show cause was directed, had been remedied, the substance of the rule to show cause was entirely dissipated.

Under proper conditions, it is not only the prerogative of the trial court to correct and mould a verdict without notice but it becomes its duty to do so. *Franchino* v. *Overseer of Poor of Orange,* 103 *N. J. L.* 300. Rarely is a verdict stated by a jury in language that is technically accurate and the court therefore always has power to mould the verdict to correspond with the real findings of the jury (*Peters* v. *Fogarty,* 55 *Id.* 386), and that power is not limited in time to the term during which the verdict was returned. Section 126, Practice act. 3 *Comp. Stat., p.* 4091.

But that is not what was done in this case. The affidavit of the clerk, supplied to defendants' counsel, stated that the actual words used by the jury, in returning the verdict, were, "we find no cause of action." The clerk thereupon made an entry in the minutes as follows: "They find in favor of the defendant Public Service Co-ordinated Transport and against the plaintiff, Benjamin Berko, on the complaint, No Cause for Action." This was not the finding of the jury, according to the clerk's sworn statement, and it is apparent that the clerk, by making such an entry undertook, wittingly or otherwise, to mould the verdict instead of entering the finding exactly as the jury reported it. The verdict of the jury made no mention of either defendant although their intention was manifest. It is the prerogative of the court to mould and correct a verdict and this calls for judicial action. The function of the clerk is purely ministerial. If what the clerk says in his affidavit is true, and he had recorded the finding as the jury delivered it, the verdict was informal and the court would have had the power to mould it into a legally correct judgment because the finding itself was clear, definite and unmistakable. *Phillips* v. *Kent & Miller,* 23 *N. J. L.* 155; *Stewart* v. *Fitch & Boynton,* 31 *Id.* 17; *Price* v. *New Jersey Railroad and Transportation Co., Ibid.* 229; *Delaware, Lackawanna and Western Railroad* v. *Toffey,* 38 *Id.* 525; *Humphreys* v. *Mayor and Council of Woodstown,* 48 *Id.* 588; 2 *Arch. Pr.* (7th ed.); *Chit.* 1107, 1130, 1132; 1 *Comp. Stat., p.* 45, § 11.

But what the court below did was to amend the verdict and judgment as entered, upon receipt of proof *extra* the

record, accepted from one litigant without notice to the other. By the one order of July 20th, 1933, the court "corrected" the verdict and the judgment as well, on the strength of this proof. That this order was made on the strength of such proof appears in the order itself, by way of recital. This amounts to a material change. It gave judgment in favor of Comerford where before there was none, as far as the record showed at the time the order to show cause was allowed. Since the court deemed it necessary to receive proof, and did receive it, we think it was irregular for the court not to have directed that notice be given and opportunity afforded to the other side to be heard and to present counter-proof, if need be, in order that the court might ascertain whether the verdict, as originally entered by the clerk, was or was not a mistake. It should be clearly understood that the court had the power to mould the verdict, if the jury returned the finding that the clerk, in his affidavit, says it did, and if he, in the performance of his ministerial duty, had entered it exactly as reported.

Regardless of the fact that the error of the clerk distorted the verdict, we think the trial court still has power to mould the verdict after hearing both sides on proof so that a proper judgment may be entered. We do not therefore award a *venire de novo* but the judgment appealed from will be set aside and the case remanded so that the verdict may be corrected and moulded, if justly it should be, in accordance with these views.