FLORENCE E. NEEDHAM *vs*. JACOB LICHT.

NOVEMBER 6, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Moss, J. This is a proceeding by writ of *certiorari* to quash the action of the superior court in amending a verdict for the defendant which had been found by the jury by direction of the court. The writ was issued and the records in the original case are now before this court.

That case is an action of assumpsit on a promissory note made by the defendant to the plaintiff, payable on demand whenever a certain mortgage has been properly discharged. At the conclusion of the trial in the superior court the following verdict was written up by the clerk and signed by the foreman of the jury: "By direction of the Court the jury find that the Defendant did not promise in manner and form as the Plaintiff hath in her declaration thereof complained against him." The record made by the clerk is as follows: "1935, Jan. 18, Frost, J. Opened to jury and trial proceeds; trial concluded and by direction of the Court verdict for defendant."

Three days later the plaintiff filed a motion "that the verdict be corrected to conform to the findings of the Court

in directing a verdict for the defendant." Upon this motion the court, after a hearing, entered an order "that the verdict entered in said case on the 18th day of January, A. D., 1935, be amended to read as follows: 'By direction of the Court the jury find for the defendant for the reason that the plaintiff has not yet complied with the terms of the note, the mortgage not having been discharged.'" The verdict was amended accordingly. The defendant then excepted to this order and later filed the petition for this writ of *certiorari* to have the amendment vacated and the original verdict restored, on the ground that the action of the superior court in amending the verdict was erroneous, illegal and without authority.

Evidently the reason why the plaintiff wished to have the verdict as entered show that it was based on the ground that a condition precedent to the maturity of the note sued on had not yet been performed by the plaintiff was that she wished to avoid the danger of being met with a plea of *res adjudicata*, if she brought a new action on the note after complying with the condition. Evidently also the reason why the defendant wished the verdict to stand in its original form and now wishes it to be restored to that form is so that he may take advantage of such a plea, if such a new action shall be brought.

No transcript of the proceedings at the trial is before us, and the record of the superior court does not show that any has been filed. We therefore have before us no means of knowing whether the action of the superior court in amending the verdict for the defendant, so as to show the ground upon which it was based, was in accordance with the proceedings at the trial or not. The burden of showing the fact that it was not is upon the defendant, the petitioner in the present proceeding, if he relies upon that fact as a ground for vacating the amendment. Therefore, as we view the matter, the only question now strictly before us is whether the trial court had power to amend this directed verdict so that it would show the ground which the court

stated at the conclusion of the trial as the ground for directing a verdict for the defendant.

In *Brown* v. *Superior Court*, 51 R. I. 469, the plaintiff in an action at law in the superior court had filed a petition for a writ of *certiorari* to correct an alleged error by that court in amending the verdict as written up by the clerk and signed by the foreman of the jury. The writ in the action was in trespass and the declaration was in five counts, the first being in trespass on the case and two of the others being in trespass and two in trespass on the case. As written up and signed, the verdict was that the defendant was guilty in manner and form as the plaintiff had in his declaration thereof complained against him. Four days after the trial the defendant moved that judgment be entered for the plaintiff in an action of trespass on the case in conformity with the jury's actual verdict. After a hearing and proof of the facts from the court stenographer's notes, showing that the jury had orally returned a verdict of guilty on the first count and not guilty on the others, the motion was granted and the verdict as recorded was amended by the trial justice by adding thereto, after the words "is guilty," the words "upon the first count," and judgment was entered on the verdict accordingly. The plaintiff duly excepted to this action of the trial justice and filed the petition in *certiorari*, claiming that the superior court was without power to amend the verdict. The amendment was decisive of the question, which had arisen, whether the defendant could or could not take the poor debtor's oath immediately.

This court held that the amendment was not erroneous, and denied the writ of *certiorari*, saying, at page 471 of the opinion: "The form of a verdict is a matter of procedure which is under the control of the trial court. It should conform to the proper findings of fact by the jury. If by mistake or inadvertance an incomplete record of the verdict is made, it is the duty of the court, when so informed, to correct the record of the verdict so that it shall conform to the facts and thereby make a correct record of the proceed-

ings of the court." The court then distinguishes that case from an earlier one by saying: "In *Abraham* v. *the Superior Court*, 50 R. I. 207, this court decided that a true record of the verdict as it was returned by a jury could not, after the discharge of the jury, be changed to a contrary verdict either by direction of the court or by the action of the same jury when reassembled. In the instant case the clerk of the court made an incomplete record and it was the duty of the court to correct the record and thereby make it complete."

In *Going* v. *Vallesi*, 52 R. I. 113, the jury had orally returned a verdict for the defendant, but as written up by the clerk and signed by the foreman it was "that the defendant did not promise," whereas it should have been "that the defendant is not guilty." This court sustained the action of the trial justice in amending the verdict accordingly, saying, at page 117 of the opinion: "It is the duty of the court to see that the verdict of the jury is in proper form to carry out the finding of the jury and to that end the court may amend the verdict by correcting manifest errors of form so as to make the verdict conform to the intention of the jury." Citing *Brown* v. *Superior Court*, *supra*, the court says that therein it was held "that the form of a verdict is a matter of procedure which is under the control of the trial court."

In *Brite* v. *Atascosa County*, 247 S. W. 878, a case decided by the Texas court of civil appeals in 1923, but not officially reported, the trial court had directed the jury to find a verdict for the plaintiff against all the defendants, but in preparing the verdict the stenographer omitted the name of one defendant and the verdict was signed and returned in that form. Later, during the term, the trial justice on motion amended it by inserting the omitted name and the judgment was amended accordingly. This action is sustained in the opinion by the upper court, which says at page 882: "If the court was authorized to direct the verdict, he had the power to make the verdict conform to

the charge." *American Fisheries Co.* v. *Sanborn*, 122 Me. 561, 119 Atl. 803, is a similar case.

In 26 R. C. L. 1066, "Trial," § 74, this statement is found: "The rendition of a verdict by the jury as directed is a mere formality, the decision in effect being one of law by the court."

The case of *Schloss* v. *Lennon*, 123 Minn. 420, 144 N. W. 148, is very similar to the instant one. That was an action to recover a balance due on goods sold and delivered, and at the trial the defendant admitted the debt but set up the pendency of a prior action on the same cause. The trial court directed a verdict for the defendant saying: "Upon the evidence as it stands in this case, gentlemen, it appears that there is a prior action pending, and under the law the plaintiff is prevented from asserting his rights under the latest action that he has commenced; he is relegated to his right under the preceding action which still exists. For this reason the plaintiff is denied any relief in this action and he is referred to his prior pending action to get his relief. You may return a verdict in favor of the defendant." The verdict was a general verdict for the defendant and judgment was entered thereon for the defendant for his costs on June 8, 1912. The plaintiff paid these and subsequently on March 28, 1913, upon motion of the plaintiff, the trial court ordered the verdict corrected to read: "We, the jury in the above entitled action, find a verdict in favor of defendant that there is a prior action now pending between the parties hereto for the same cause of action sued on herein," and ordered the judgment changed accordingly. These changes were approved by the supreme court, which says, at page 422 of the official report: "In this case the record shows that the verdict was not a determination of any disputed fact by the jury. . . . The court directed the verdict. It also conclusively appears that the court so directed the jury in appellant's favor upon the only issue tried, the pendency of the former action, which of necessity precluded a consideration or determination of plaintiff's

cause of action on the merits. The wording of the verdict, and of the judgment entered thereon, failed to express truly the judicial conclusion. It would be a reproach to the administration of justice if the court should not have the power to correct so palpable and undisputed a failure of the proceedings to record the actual and true adjudication."

In view of the general principles laid down in the Rhode Island cases above discussed and of the other authorities above cited, we are convinced that in the instant case the trial court had the power to amend the directed verdict so that it would show the ground upon which it was directed, if it was expressly directed upon a particular ground. We see no good reason, however, why the verdict proper, as distinguished from the recital of the direction of the court, should not be in the time-honored form of a verdict for the defendant on the general issue in assumpsit, which covers not only a denial of the promise declared on, but also a failure of the plaintiff to perform a condition precedent and some other defences. This form is "that the defendant did not promise in manner and form" etc. Carrying the same idea a little farther, we suggest that the reference to the special ground upon which the direction was based would be better placed if taken from the end of the verdict proper and put where it would show that the direction of the court, rather than the finding of the jury, was based on that ground. The trial court has power to make such further changes as will be consistent with what actually happened at the trial.

The prayer of the defendant, that the parts of the records of the superior court of which he complains may be quashed, is denied and it is ordered that the records be returned to the superior court for further proceedings.

*Francis J. O'Brien,* for plaintiff.

*Robinson & Robinson, Joseph E. Adelson, Edmund Wexler,* for defendant, petitioner.