## O'Hara v. Milliren et al.

*LeRoy R. Rickard*, for plaintiff.

*J. A. Stranahan, Jr.*, for defendant.

*John V. Wherry*, for additional defendant.

ROWLEY, P. J., November 8, 1943.—This matter is before the court upon plaintiff's motion for a new trial.

Plaintiff was injured on February 19, 1941, as the result of a collision of a truck, owned and operated by Theodore Milliren, with an automobile, owned by Indiana Franklin Company and then being operated by its agent. Plaintiff was a passenger in the automobile of the Indiana Franklin Company.

On the date of the accident, the automobile in which plaintiff was a passenger was proceeding in an easterly direction on State Highway Route 58. At a point some three miles west of Grove City the truck owned by original defendant and operated in a westerly direction came into collision with the automobile of the additional defendant.

The testimony has not been transcribed, but apparently the controlling facts are not in dispute.

Plaintiff claimed that the original defendant, preparatory to entering a gasoline service station on the west side of the highway, drove his truck to his left side of the highway into the path of the approaching automobile of the additional defendant.

Defendant admitted that he had intended to enter the gas service station, but that, observing the approach of the passenger car, he returned his truck to his right side of the highway, where it was struck by the passenger automobile which was being operated in a negligent manner by Max Dorn, agent for Indiana Franklin Company.

After the collision plaintiff was removed to the Grove City Hospital, where he was treated for head injuries. Plaintiff was incapacitated for work during the period of a month. His minimum compensation in his employment was $400 per month. The amount expended by plaintiff to heal his injuries was $208.60.

The court submitted to the jury the following questions to which the jury returned the answers appended:

"1. Was Theodore Milliren guilty of negligence that caused or contributed to the accident? Answer: Yes.

"2. Was Max Dorn guilty of negligence that caused or contributed to the accident? Answer: Yes.

"3. Was B. C. O'Hara guilty of contributory negligence? Answer: No."

The jury returned as follows:

"A verdict in favor of the plaintiff in amount $208.00. Theodore Milliren to pay the sum of $50.00, balance to be paid by Indiana Franklin Co."

After the verdict had been recorded, counsel for the original defendant presented a written motion requesting the court to mould the verdict to read:

"A verdict in favor of the plaintiff in the amount of $208.00 against Theodore E. Milliren, original defendant, and Indiana Franklin Company, additional defendant."

No disposition has been made of the rule to show cause granted upon said motion.

Plaintiff's motion for a new trial is based upon the informality of the verdict and upon the complaint that the verdict was against the evidence. In his brief

plaintiff specifically complains that the verdict is inadequate in amount.

There is no doubt of the power of the court to mould a verdict to agree with the obvious but unexpressed intention of the jury: Shively v. McDonnell et al., 308 Pa. 298, 301.

"In Friedly v. Scheetz, 9 S. & R. 155, 165, this court very early said: 'Strict form is not now required in verdicts; it is only to be understood what the intention was, agreeable to which the verdict may afterwards be moulded into form' ": Parks et al. v. Bishop, 296 Pa. 91, 93.

It was the obvious intention of the jury to assess damages of $50 against Milliren, original defendant, and to assess $158 against the additional defendant.

While a verdict was rendered for $208, the jury clearly indicated that the amount was in fact the sum of two verdicts.

Under the law there could be but one verdict against both joint defendants. Each defendant was liable for the damages sustained without regard to the different degrees or shades of guilt; the damages are not divisible, and the verdict should be for one amount against all defendants, for such sum as the most culpable ought to pay: MacHolme v. Cochenour, 109 Pa. Superior Ct. 563, 567.

If we should comply with defendant's motion and increase from $50 to $208 the award against Milliren, our act would not express the intention of the jury.

If we were to mould the verdict to an award of $50 against the original defendant and the additional defendant jointly, we should thereby disregard the clear intention of the jury.

Obviously the jury undertook to do what it had no power to do, viz, to distinguish between the degrees of guilt of the defendants. The result is that if we attempted to mould a verdict that would express the intention of the jury the verdict would remain none the less illegal.

The jury presumably intended to reimburse plaintiff for medical attendance and hospitalization. These aggregated two hundred eight dollars and some cents. No compensation was awarded for loss of earnings. Plaintiff testified that his minimum monthly compensation was $400 and that he was incapacitated for a month. He did not state in express terms that he had not received his usual compensation during the period of his enforced idleness, but that was the reasonable implication of what he did say. At the argument, it was suggested that either plaintiff received his usual salary or he was compensated through insurance. If plaintiff did not sustain a loss of earnings, he is not entitled to have loss of earnings included as an element of damages.

Although plaintiff's testimony regarding loss of earnings might have been more direct, there was no warrant in the testimony for an assumption by the jury that he received his usual compensation during the period of his disability.

The question whether plaintiff was entitled to recover was one for the jury, and the verdict must be accepted as determining that the injuries to plaintiff were the result of negligence for which defendants were answerable.

Except on grounds tending to show that the discretion of the jury has not been legally or properly exercised, a new trial ought not to be granted. The decision of a jury upon an issue of fact is in general irreversible and conclusive.

But "the power to set aside a verdict on the ground of inadequacy may be exercised whenever it appears to the court below that the amount is patently insufficient . . .": Schwartz v. Jaffe, 324 Pa. 324, 327.

In our opinion a new trial is required for the just and orderly disposition of the instant matter. Such new trial is to be had on the conditions as to costs provided by the Act of March 21, 1806, P. L. 558, 12 PS §694.

*Order*

And now, November 8, 1943, this matter came on for argument upon plaintiff's rule for a new trial, whereupon, after due consideration, it is ordered, adjudged, and decreed that the rule be made absolute.