PETER RILLO, PLAINTIFF-RESPONDENT, v. EASTERN CARRIER CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, AND GEORGE JONES, DEFENDANTS-APPELLANTS.

Argued October 19, 1944—Decided January 4, 1945.

For the plaintiff-respondent, *Nicholas Martini.*

For the defendants-appellants, *George D. McLaughlin* (*Philip M. Lustbader,* of counsel).

The opinion of the court was delivered by

PORTER, J.   This appeal is from a judgment in favor of the plaintiff and against both defendants.   The action was

for personal injuries suffered by the plaintiff and damages to his automobile in a collision at a street intersection with the truck of the defendant corporation which was being operated by its servant and agent, the defendant Jones. Each driver charged the other with negligence. It was admitted by the defendants that Jones was employed by the defendant corporation and was acting as its servant at the time of the collision.

Circuit Court Judge Davidson, who presided at the trial, properly charged the jury, in effect, that the master was liable for the wrongful act of its servant and that if the proximate cause of the collision was the negligence of Jones and there was no negligence on the part of the plaintiff which contributed to it, then it followed that both defendants would be responsible. He then used this language: "So that, for the purposes of our discussion and your deliberations later on, you only have to consider the defendants as though they were one person; whatever finding you make with respect to one of them applies to both, so don't try to differentiate in your own minds." No exception was taken to the charge. Indeed, its accuracy is not challenged. The jury returned its verdict in these words: "In favor of the plaintiff in the sum of $6,000 against the defendant." Upon application to mould the verdict and after a hearing thereon, the trial court entered an order moulding the verdict to read "verdict of $6,000 for the plaintiff and against the defendants" on which judgment was duly entered.

The sole ground of appeal is that the verdict was a nullity and the trial court was without authority to mould it, because in doing so he changed the substance of the verdict. We think this argument to be without merit. The change was not of substance but merely of form. The issues in the case were clear and simple. It is not disputed that while there were two defendants, their liabilities and defenses were identical; and if one was liable, both were. The jury was plainly so informed. We conclude under the circumstances that in rendering its verdict against the "defendant" the jury used that word as a collective noun and meant to include both defendants. The rule is well established that where a jury's

finding is clear and unmistakable, as we think it was here, it is the duty of the court to mould the verdict to make it correspond to the true findings, if it be necessary because of a defect in the form in which it was rendered. *Kilgus* v. *Wayne Co.*, 85 *N. J. L.* 351; *Schwartz* v. *Eisner*, 111 *Id.* 132; *affirmed*, 112 *Id.* 383; *Berko* v. *Public Service Co-ordinated Transport*, 114 *Id.* 39; *Ipp* v. *Brawer Brothers Silk Co.*, 130 *Id.* 491.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.

*For reversal*—None.