# Kendig's Appeal.

1. Parol evidence is inadmissible to show that the entry of an award of arbitrators in the judgment docket, was interlined at a time subsequent to the time of filing, as it appears of record.

2. An auditor for distribution cannot go beyond the record of liens, to inquire in what order of time judgments and awards shall have been actually entered and filed, but is bound by the entries as they are made in the judgment docket.

3. Upon an application to amend or alter the record, to grant or deny rests within the sound discretion of the court whose records it is, and is not the subject of an appeal.

May 5th 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Appeal from the decree of the Court of Common Pleas of *York* county : No. 111, of May Term 1876, distributing the proceeds of the sheriff's sale of the real estate of Frederick S. Fry, confirming the report of the auditor distributing said proceeds, and discharging rule on Daniel A. Rupp.

Eli Kendig, the appellant, obtained a judgment in the Common Pleas, upon a warrant of attorney for the sum of $2396, entered upon the docket on the 1st day of June 1871, which was regularly indexed in the judgment docket.

Execution issued thereon November 25th 1874, continued by venditioni exponas, January 26th 1875, on which there was sale of the defendant's real estate on the 27th of March 1875 for $1000, netting $967.50, as applicable to defendant's indebtedness.

Daniel A. Rupp, the appellee, claimed $443.38, with interest, of the proceeds, as a prior lien creditor.   He had brought suit against Fry and an award of arbitrators was filed in the Common Pleas on the 19th of May 1871.

This award had not been indexed by the then prothonotary in the lien docket.

Before the sale, about the 15th of March 1875, Rupp called on the present prothonotary, who, not finding the award entered in the judgment docket, searched and found it in the appearance docket. The prothonotary called in the former prothonotary, who, in his presence, interlined in the judgment docket at its place, in the order of time as it was filed, the entry of the award.   It seems Rupp was standing by, but not taking any active part in the matter.   On the 20th of March 1875, Fry, with the consent of Rupp, the plaintiff, in writing filed, withdrew his appeal and confessed judgment for the sum awarded by the arbitrators.

On the 27th of March 1875, the sheriff sold the defendant's real estate, and the proceeds being ruled into court, on the 20th of May 1875, N. M. Wanner, Esq., was appointed auditor " to distribute the money realized by the sheriff from the sale of the real estate of Fry, defendant, to and among the persons entitled thereto, under the Act of 20th of June 1871.

[Kendig's Appeal.]

The auditor refused to admit the evidence of the interlineation, held the record as verity, and gave precedence to the Rupp judgment. This was excepted to, but sustained by the court below, and this appeal taken by Kendig.

On the 2d of September 1875, Kendig presented a petition setting forth the entry of Kendig's judgment, the fi. fa., sale, that he became the purchaser, Rupp's claim, the appointment of the auditor, the obtaining of the award, the interlineation by the ex-prothonotary in the presence of Rupp, that there was no other entry of Rupp's judgment in the judgment docket or entry of Fry's confession, except the aforesaid interlineation, that these facts were set before the auditor and rejected, and asked a rule on Rupp to answer the petition, and show cause, &c., why the entry on the judgment docket, interlined as of March 1875 of his award, &c., should not be stricken off, and such other relief as the case may require.

The answer of Rupp, not admitting any of the facts, except so far as they appeared by the record and in the proceedings of the auditor, denied any interlineation made at his instance, or that he adopted the transaction and claimed upon his award. The petition and answer were drawn with some degree of formality.

The exceptions to the auditor's report appear to have been taken up with the hearing of this rule, and the one dismissed and the other discharged at the same time.

The court below, McLean, P. J., held that the question upon the auditor's report was one of distribution, that the auditor could not alter the order of the liens, that the prothonotary was liable for any injury done by the omission to enter the award or by an alteration, but that parol testimony was inadmissible as against the record, to show that it was in fact entered on another day, and that the actual time *as it appears of record* should be taken, and not the time of its entry.

*John Gibson*, for appellant, cited Act 20th March 1810, sect. 10; 5 Sm. Laws 135; Act 29th March 1827, sect. 3, Pamph. L. 155; 9 Sm. Laws 319; Br. Purd. 822, pl. 18; Act 16th June 1836, sect. 23, Pamph. L. 722, Br. Purd., pl. 50; Mann's Appeal, 1 Barr 24; as to immediate entry of award. Acts 3d April 1843, sect. 1, Pamph. L. 127, Br. Purd. 823, pl. 20; and 16th April 1849, sect. 5, Pamph. L. 664; Ibid. pl. 21; confirming judgments not properly entered on lien docket, saving purchasers bonâ fide and other creditors whose judgments were properly entered.

Creditors not bound to look beyond the judgment docket: Hance's Appeal, 1 Barr 408; Ridgway, Budd & Co.'s Appeal, 3 Harris 177; Wood v. Reynolds, 7 W. & S. 406; Mehaffy's Appeal, 7 Id. 200; Crutcher v. Commonwealth, 6 Whart. 340. Only docket to be examined: Bear v. Patterson, 3 W. & S. 233; Stephens's Ex.'s Appeal, 2 Wright 9. Duty of plaintiff in award to see it rightly entered:

Wood *v.* Reynolds, 7 W. & S. 406; Coyne *v.* Souther, 11 P. F. Smith 455. Should have applied to court for leave to alter : Brotherline *v.* Mallory, 8 Watts 136 ; Morris *v.* Galbraith, 8 Id. 168. Such amendment would not affect the rights of subsequent judgment creditors : Black *v.* Dobson, 11 S. & R. 97. As to parol evidence of alteration : Gardner *v.* Humphrey, 10 Johns. Rep. 53 ; Middleton *v.* Manucaptors, 1 Sid. 216 ; Brier *v.* Woodbury, 1 Pick. 362. Unauthorized, unofficial act of no validity in registration : Kerns *v.* Swope, 2 Watts 75. As to right to appeal : Springer *v.* Springer, 7 Wright 518 ; Horton *v.* Miller, 8 Id. 256 ; Steele's Appeal, 22 P. F. Smith 101 ; Gordonier *v.* Billings, 27 Id. 498 ; Neff *v.* Miller, 8 Barr 347 ; Mosier's Appeal, 6 P. F. Smith 76 ; York Bank's Appeal, 12 Casey 458.

*Edward Chapin,* for appellee.——The auditor had no right to inquire into judgment : Dyott's Estate, 2 W. & S. 567 ; Leeds *v.* Bender, 6 Id. 318 ; Thompson's Appeal, 7 P. F. Smith 177 ; Edwards's Appeal, 16 Id. 89 ; Borland's Appeal, 16 Id. 472. As to the record : Leighton *v.* Leighton, 1 Strange 210 ; Hynde's Case, 2 Rep. 456 ; Dickson *v.* Fisher, 1 W. Black. 664 ; Garrick *v.* Williams, 3 Taunt. 544 ; Reed *v.* Hopper, 3 Price's Exch. Rep. 495 ; Adams *v.* Betz, 1 Watts 425 ; Kennedy *v.* Wachsmuth, 12 S. & R. 171 ; Selin *v.* Snyder, 7 Id. 171 ; Hoffman *v.* Coster, 2 Whart. 468. As to right to appeal on discharge of rule : Commonwealth *v.* Judges, 3 Binn. 275 ; Commonwealth *v.* Judges, 1 S. & R. 192 ; Clymer *v.* Thomas, 7 Id. 180 ; Ordroneaux *v.* Prady, 6 Id. 510.

Chief Justice AGNEW delivered the opinion of the Court, May 15th 1876.

These appeals are presented in the same paper-book, and were argued together pretty much as if they were one case. But they are quite distinct. One is an appeal from a decree in a proceeding to distribute the proceeds of a sheriff's sale of real estate ; the other from an application by one judgment-creditor against another, to correct the entry of a judgment of the latter in the judgment index. In each case the gravamen of the complaint is that the prothonotary had at a late day entered an award of arbitrators of Daniel A. Rupp on the judgment index to the prejudice of Eli Kendig, whereby his judgment became postponed to the award of Rupp.

The question was first raised before the auditor in the distribution proceeding ; who was asked to hear the testimony and to postpone the award. He declined on the ground that it was not within his province to correct the record. He was clearly right. He could take the judgment on the award, for such it is in effect under the Act of Assembly, only as certified to him by the prothonotary ; and this exhibited it as regularly indexed, and prior in time to

[Kendig's Appeal.]

Kendig's judgment. And even if he had sent a *subpœna duces tecum* to the officer to bring with him the original record, he could not inquire into its correctness. It is argued that he could do so on the ground of fraud. But this is to confound proper distinctions. Undoubtedly the effect of a record may sometimes be avoided by showing fraud in procuring it, but this does not touch the verity of the record itself. The purpose here, however, was to affect the entry on the record, its very verity, as a truthful record of what was done officially. This clearly the auditor could not do. No such power was committed to him by the court.

This brings us then to the second appeal, that from the refusal of the court to correct the entry in the index, on the application of Kendig. If we consider this proceeding as it really is, an application by one creditor to correct the record entry of the officer in the record of the judgment of another creditor, there is in this court no power to review the refusal of the court below. Such an application is to the sound discretion of the court below, from which no appeal lies; and a writ of error does not bring up the evidence. We are bound to presume that the court below refused the petition on some just and proper ground. But it is argued that the proceeding was not an ordinary common-law application to the discretion of the court to correct an error in the record, but is in the nature of a bill in equity answered by the defendant, and considered by the court below upon bill, answer and proofs. It is very true that the petition is full and formal, and the answer is likewise; and if they constituted substantially a proceeding in equity an appeal would lie. The decisions on this point regard the substance of the proceeding and not its form. But in such case the petition must set forth substantially an equity, which gives the court chancery jurisdiction, and pray for some relief that a court of equity can give in such a case. Now the petition does not set forth any fraud of the defendant in procuring a falsification of the record, or any such accident or mistake as confers equity jurisdiction on the ground of fraud, accident or mistake. It does not even set forth the unauthorized act of a third person. Nor does it show, as a ground of relief, that the petitioner examined the record before lending his money or doing any act on the faith of the state of the record, which by reason of its then condition misled him; while its only specific prayer for relief is not an injunction to prevent the respondent from using it to his prejudice, but is a prayer that the entry in the judgment index, which he terms the interlineation of the lien, should be stricken from the judgment docket. It is, therefore, not substantially a bill in equity to enjoin the respondent (or appellee) from the benefit of the lien of his award, on the ground of fraud or other head of equity, but is really with all its verbiage nothing more than an application to amend or correct the record of the entry in the judgment index. The proof also fails to connect

the appellee (or respondent) with any fraud or unauthorized falsification of the entry. In fact it is apparent, that the act was that of the officer himself (the prothonotary), who also called on the ex-officer to make a correction of a matter happening within the term of office of the latter. Being done with the consent of the prothonotary, it was really his act. His error was in suffering the amendment of the judgment index without the authority of the court. This was a grave misdemeanor on his part. Had the court been applied to, it would, in allowing the correction, have made it so that the interests of a prior lien-creditor would have been protected. But as we said in the beginning on this point, the court having refused the petition to strike off the entry, it was an exercise of sound discretion from which there was no appeal, and it is not our province to correct the refusal, if it were a mistake. We are bound to presume that the court had a good ground for its refusal.

The decree of distribution affirmed with costs, and the appeal therefrom dismissed, and the appeal from the order upon the petition to strike the entry from the judgment index quashed at the costs of the appellant.