John Leary v. The Electric Traction Company, Appellant.

*Negligence—Street Railways—Repairs of streets.*

In an action against a street railway company for damages for personal injuries a judgment on a verdict for plaintiff will be sustained where it appears that the plaintiff in driving on the tracks of the defendant was thrown from his wagon by the front wheel of the wagon slipping from the tracks and falling into a hole made by employees of the defendant, some weeks before the accident, in removing paving blocks and not replacing them.

*Practice, C. P.—Request for instructions.*

In a negligence case where the court has given instructions to the jury, a party who desires further instructions should make the proper request for them, and if he fails to do so cannot complain in the Supreme Court of the lack of such instructions.

Argued Jan. 26, 1897.   Appeal, No. 461, Jan. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., June Term, 1895, No. 453, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Trespass for personal injuries.

At the trial it appeared that on March 9, 1895, plaintiff was injured by being thrown from his wagon on Third street near Thompson, in the city of Philadelphia. The evidence tended to show that at the time of the accident plaintiff's wagon dropped off defendant's rail and went into a hole alongside of the track. The hole had been made about three weeks before by a motorman and conductor in the employment of the defendant tearing out a number of Belgian blocks which had been raised by the frost sufficiently to come in contact with the wheel guard of a car.

Defendant presented two points as follows :

1. Under the contract made between the said the Electric Traction Company and the Mack Paving Company, dated March 21, 1894, the Electric Traction Company is not responsible for the accident in this case, and therefore your verdict must be in favor of the Electric Traction Company.

2. Under all of the evidence your verdict must be in favor of the Electric Traction Company.

Both points were refused. [1]

Verdict for plaintiff for $6,000. Judgment was entered for $3,000, all above that sum being remitted. Defendant appealed.

*Errors assigned* were (1) above instructions, quoting them ; (2) that the court below erred in its charge to the jury in that it failed to fully call the attention of the jury to the law relating to the measure of damage as applicable to the facts in this case ; (3) that the court below erred in its charge to the jury in that it failed, after having been requested to do so, to state to the jury, as bearing upon the question of the measure of damages, that it appeared from the uncontradicted testimony that the plaintiff was away from his employment for nine weeks, and that after that time he returned to the same employment, with the same employers, at the same weekly wages, and was still so engaged at the time of the trial; (4) that the court below erred in its charge to the jury in that it failed to say anything to them about any actual or constructive notice having been given to or received by the Electric Traction Company of the alleged defect in the street; (5) that the court below erred in its charge to the jury in that considering the importance of the case it was

an inadequate presentation of it, and that the law relating to the plaintiff's contributory negligence, the measure of damage, and notice, was not stated to the jury with sufficient clearness and fullness.

*Wm. Henry Lex*, for appellant.—The plaintiff was guilty of contributory negligence in not·looking out for the hole : Bruch v. City, 53 Leg. Int. 472 ; Robb v. Borough on Connellsville, 26 W. N. C. 517 ; Barnes v. Sowden, 119 Pa. 53 ; King v. Thompson, 87 Pa. 365 ; Dehnhardt v. City, 15 W. N. C. 214 ; Goshorn v. Smith, 92 Pa. 435 ; Baker v. Fehr, 97 Pa. 70 ; Penna. Canal Co. v. Graham, 63 Pa. 299 ; Scott Twp. v. Montgomery, 95 Pa. 447 ; Goodhart v. Penna. R. R., 177 Pa. 1 ; Lohr v. Philipsburg Borough, 156 Pa. 246.

*A. S. L. Shields*, for appellee.—The case was properly submitted to the jury: Gray v. Scott, 66 Pa. 345 ; Carr v. City of Easton, 142 Pa. 139 ; McLaughlin v. Phila. Traction Co., 175 Pa. 565 ; Conroy v. Twenty-third St. R. R., 52 How. Pr. 49 ; Bradwell v. Pitts. & W. End Pass. Ry., 153 Pa. 105 ; Luedke v. Town of Mukwa, 62 N. W. 931 ; Goshorn v. Smith, 92 Pa. 435 ; Penna. R. R. v. Barnett, 59 Pa. 259 ; Johnson v. Bruner, 61 Pa. 58 ; McKee v. Bidwell, 74 Pa. 218 ; Gates v. Penna. R. R., 154 Pa. 566 ; Campbell v. York, 172 Pa. 205 ; Dalton v. Township, 137 Pa. 18 ; Vannatta v. Central R. R. of N. J., 154 Pa. 262 ; Baker v. Gas Co., 157 Pa. 593 ; Smith v. B. & O. R. R. Co., 158 Pa. 82 ; Davidson v. Lake Shore & Mich. So. Ry. Co., 171 Pa. 522.

PER CURIAM, February 8, 1897 :

We find no error in this record. Plaintiff's right to recover depended on questions of fact which the jury alone had the power to determine. The case was fairly submitted to them on sufficient evidence and with instructions of which the defendant company has no just reason to complain.

Two requests for instructions were submitted to the learned trial judge, both of which were rightly refused. If additional instructions, on other subjects, were desired by the defendant company, it was its privilege as well as its duty to make the request. Having omitted to do so, it is not in a position to complain that none were given.

Judgment affirmed.