## Capece v. Bushinski.

*Practice, C. P.—Trespass—Verdict—Reformation or amendment.*

Where a jury in an action of trespass returned a sealed verdict in favor of plaintiff, without giving any sum, the court refused to reform or amend the verdict into a specific sum in favor of the plaintiff and against the defendant, on the allegation that there was no dispute as to the amount of the damages, there being at most a mere scintilla of evidence on that subject.

Trespass. Rule to amend verdict. C. P. Lehigh Co., Oct. T., 1921, No. 74.

*R. S. Taylor* and *H. V. Fisher,* for plaintiff.

*Dallas Dillinger, Jr.,* for defendant.

RENO, J., May 1, 1922.—This action of trespass was for the recovery of damages caused by the collision of automobiles of plaintiff and defendant. The case was submitted to the jury, which, after deliberation for an hour or more, returned that it found "the plaintiff guilty of contributory negligence." This verdict we declined to accept, and required the jury to retire and find a verdict either for plaintiff or defendant. We also instructed the jury again that if the verdict was for plaintiff, the damages sustained by him must be assessed and returned as part of the verdict. The jury again retired, and its deliberations extending over the hour for adjournment, it sealed a verdict, separated and returned the verdict upon the opening of court the following morning. This verdict was as follows: "We . . . find the defendant, John Bushinski, guilty of negligence." When the verdict was rendered, neither counsel for plaintiff or defendant were in court, and the jury having separated after arriving at that verdict, we deemed it unwise to send the jury back for further deliberation, and, accordingly, accepted and entered the verdict.

We are now asked to amend the verdict so that it may read: "Verdict for plaintiff and against defendant in the sum of $139.33." It is claimed that we have the authority thus to amend verdicts, and that we should exercise that authority in this case, in view of the fact that there was no dispute as to the amount of the damage, and that the only issue tried by the court was the right of plaintiff to recover at all.

It is undoubtedly true that courts may, in the exercise of their discretionary powers (Kendig's Appeal, 82 Pa. 68), amend verdicts in such cases where the courts have any elements from which they can fairly expound the verdict and thus carry out its substantial finding (Keen v. Hopkins, 48 Pa. 445), or where the effect of the amendment is to change the record of the verdict

to conform with the verdict actually rendered in open court (Cohn *v.* Scheuer, 115 Pa. 178; Ivens's Appeal, 33 Pa. 237), or where it is necessary in order that it may accord with the requirements of law (Byrne *v.* Grossman, 65 Pa. 310), or where the amount is inserted by the jury itself under the direction of the court after an incomplete sealed verdict has been rendered (Smith *v.* Meldren, 107 Pa. 348). But an examination of these cases and of others of similar import shows that whenever a court has exercised the power to amend verdicts it has been able to determine in some manner what the jury did or intended to do or, failing in that, was able to determine what the jury would have done. In no instance has a court substituted its judgment for that of the jury by passing upon a question of fact submitted to the jury and concerning which the verdict or surrounding circumstances throw no light upon the attitude or the state of mind of the jury. Thus, in the instant case, it may well be that the jury, notwithstanding our instructions, intended to find generally against the defendant without awarding damages to the plaintiff. That is, it may have reached the conclusion from the evidence that the defendant operated his automobile negligently, but that the plaintiff suffered no damage by reason of such negligence. Or it may have concluded that the defendant was guilty of negligence, but may have given no credence to the testimony offered by plaintiff with respect to the damages suffered by him. And if that was its conclusion, then the verdict accords with the conclusion, and manifestly there is no need for amendment. There is nothing in the verdict as rendered from which the court can by any process of reasoning determine whether the jury intended to award damages to plaintiff, and, if so, how much damage it intended to award. Consequently, if we undertook to amend the verdict we should substitute our judgment for that of the jury. The power to amend is merely a power to make the record accord with the facts. It is a power to cause the verdict to speak the truth. It is not a power whereby the judge may undo what the jury has done. It is clear, therefore, that, having no information concerning what the jury intended to do, we cannot amend its verdict to conform with an unknown intention. Even if we were disposed to substitute our judgment for that of the jury we should experience extreme difficulty in arriving at a conclusion. The testimony of plaintiff and his witnesses with respect to the damages was so meager, uncertain and speculative that it would afford little or no basis upon which we could predicate a satisfactory finding. Indeed, we are not surprised that the jury did not return a verdict fixing damages. It is true that defendant offered no testimony in contradiction to that of plaintiff in respect to the damages, but it does not follow that there was no dispute respecting the damages. Defendant cross-examined witnesses on damages, and in his argument to the court and jury contended that there was no basis upon which damages could be allowed in the sum for which they were claimed. For all that we know, the jury may have accepted this view of the matter and declined to award damages upon such an unsatisfactory presentation of that question. At all events, we are in no better position than was the jury, and we must decline to fix damages upon what was at most a mere scintilla of evidence concerning them. Naturally, this leaves plaintiff in an awkward position, but it is a position of his own making. Had he moved for a new trial within the time limited by our rules of court, we should undoubtedly have given him the opportunity of securing a better verdict.

Now, May 1, 1922, rule on defendant to show cause why the verdict should not be amended is discharged.          From James L. Schaadt, Allentown, Pa.