Levinson et ux. v. McCoury, Appellant.

Argued December 10, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*Aaron S. Swartz, Jr.*, and with him, *John M. Dettra,* and *Samuel H. High,* for appellant.

*Thomas Hallman,* for appellee.

Opinion by Gawthrop, J., March 5, 1932:

This is a negligence case in which plaintiffs have verdicts and judgments in an action brought to recover damages sustained in an automobile collision. Defendant brings these appeals, and the single contention made in his behalf is that the charge of the court was inadequate, in that it did not properly present to the jury one of the defenses on which he relied, and failed to instruct the jury as to the law applicable thereto.

The material facts are these: Plaintiff, Isadore Levinson, was driving his automobile eastwardly on the Boston Post Road, in the State of Connecticut. At the point of collision this highway has a wide concrete surface with ample room for four lines of traffic, two

in each direction. Plaintiffs' version of the accident was that defendant, who was also driving eastwardly, passed him on the left, cut back in front of him too sharply, and that the right rear of defendant's car hooked the left front of plaintiff's car, and the effect of the collision was to pull both cars off the road to the right into a field, causing damage to the car and injuries to the wife plaintiff. Defendant's version of the accident was that he was traveling slightly in the rear of plaintiffs' car, in the traffic lane to the left, but entirely to the right of the center of the highway, and was in the act of passing plaintiffs' car when a large motor bus was approaching in the opposite direction; that the motor bus swung over the center line of the highway about eighteen inches when it was about six or eight feet in front of defendant's car; that this movement of the motor bus forced defendant to pull to his right to avoid a collision with the bus, and that the collision with plaintiffs' car resulted from this movement of the motor bus. Defendant contended also that in spite of the movement of the motor bus he would have cleared plaintiffs' car if it had not been for the fact that plaintiffs had a baby coach tied on to the left running board of their car and that this object projected beyond the outside line of the running board for a foot or more, in violation of the laws of the State of Connecticut.

Counsel for appellant admit in their brief that the trial judge charged the jury very completely as to the defense that the proximate cause of the accident was the carrying of the baby coach in violation of the laws of Connecticut. Their contention is that the court took away from the jury the defense that the accident resulted from the sudden turning of the motor bus into the eastbound lane of traffic and in front of defendant's car, causing a sudden emergency which relieved

defendant of the charge that he was negligent in turning into plaintiffs' car.

We have read and reread the charge for the purpose of discovering whether defendant was deprived by the court of what his counsel called the "motor bus defense," and are forced to the conclusion that no reversible error was committed in this respect. After giving the jury a proper legal definition of negligence and reviewing plaintiffs' evidence, the court referred to the defenses on which defendant relied, mentioning first defendant's contention that he turned toward plaintiffs' car in order to avoid striking the motor bus. The general question of defendant's negligence in the light of the testimony relating to both of the defenses was fairly submitted to the jury. The testimony of defendant relating to the motor bus defense was commented upon and some of it was quoted to the jury. But, say counsel for appellant, the court committed reversible error in failing to give the jury specific instructions on the law to be applied to this branch of the defense. In other words they seek to convict the trial judge of an error of omission rather than an error of commission, although at the end of the charge the court asked counsel "are there any corrections or changes," and there was no reply and only a general exception was taken to the charge. If additional instructions were desired by defendant, it was its privilege, as well as its duty, to make the request: Leary v. Traction Co., 180 Pa. 136; McCollom v. Penna. Coal Co., 250 Pa. 27. It is still the general rule that error cannot be assigned of what was not said by the trial judge without a request so to charge and that one may not sit silent and take his chances on a verdict, then if it is adverse, complain of a matter, which if an error, would have been immediately rectified and made harmless: Mastel v. Walker, 246 Pa. 65, and cases there cited. "Upon subjects concerning

which no particular requests are made, a court is only responsible for the probable 'general effect' of the charge 'on the minds of the jury,' to be judged by its 'salient points' and 'the thoughts that permeate it through and through;' as to such matters, 'counsel may still have the benefit of errors of commission, but they should not complain of omissions' ": Mastel v. Walker, supra. If a trial judge shall have clearly and fully stated the issues and instructed the jury upon the law bearing upon the evidence, as a general rule he has performed his duty: Machin v. Railway Co., 13 Pa. Superior Ct. 642. The complaint of this charge amounts to no more than that it was inadequate. "If the charge be only inadequate, it is the duty of counsel to ask for more definite instruction, and a failure to do so will as a rule be deemed a waiver of any objections that might otherwise be made, especially where it is obvious that no harm was done by the matter complained of": Fortney v. Breon, 245 Pa. 47. This rule applies in the present case. After the fullest consideration in the light of the brief, and the able oral argument of counsel for appellant, all of us are convinced that on this record no reversible error was committed by the trial judge in the manner in which the case was submitted to the jury.

The several assignments of error are overruled and the judgments are affirmed.