Nelson *v.* Philadelphia Rapid Transit Company (et al., Appellant).

Argued January 9, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William N. J. McGinniss,* with him *Walter Lee Sheppard,* of *Foulkrod, Sheppard, Porter & Alexander,* for appellant.

*Chester N. Farr, Jr.,* and *Bernard J. O'Connell,* for appellee, were not heard.

PER CURIAM, January 30, 1934:

Plaintiff, a passenger on a car of defendant transit company, was injured in a collision between the car and a truck. Originally a joint action was instituted against the transit company and Swift & Company, as defendants. Later it was discovered that Armour & Company, not Swift & Company, was the owner of the truck, whereupon, on petition of the transit company, Armour & Company was by scire facias brought upon the record as additional defendant. A nonsuit as to Swift & Company was entered by agreement of all parties, and the action proceeded against the transit company and Armour & Co. to determine whether defendants were "solely or jointly liable to plaintiff." A verdict was rendered by the jury against the transit company for $3,191.50, and no finding made as to Armour & Company. Subsequently a rule was taken by Armour & Company to have the court "remould the verdict so as to include, so far as Armour & Company is concerned, a verdict for defendant"; this appeal is from the refusal of the lower court to do so.

An examination of the record shows the jury was plainly and correctly charged as to liability of the parties, and that, if they found either or both defendants liable, a verdict could be rendered against either or both. The verdict returned indicates the jury understood the court's instructions and intended the transit company should be held responsible for the accident and that Armour & Company was not liable. The lower court could properly have amended the verdict and avoided this controversy, but the refusal to do so was within its

sound discretion and will not be disturbed on appeal. In Cohn v. Scheuer, 115 Pa. 178, in adopting the language of Chief Justice AGNEW in Kendig's Appeal, 82 Pa. 68, 71, we said, at page 183, "upon an application to amend or alter the record, to grant or deny rests within the sound discretion of the court whose record it is, and is not the subject of an appeal."

The appeal is quashed at appellant's costs.