Reppert *v.* White Star Lines, Inc., Appellant, et al.

Argued April 7, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Rufus S. Marriner,* with him *John F. Wiley,* of *Marriner & Wiley,* for appellant.

*Harry J. Nesbit,* for co-defendant.

*A. B. Graver,* of *Wendt & Graver,* with him *Bloom & Bloom* for appellee.

OPINION BY MR. JUSTICE BARNES, June 26, 1936:

In this action of trespass, plaintiff seeks to recover damages for personal injuries which she sustained when a bus owned and operated by the defendant company collided with an automobile in which she was a passenger. Alleging joint and concurrent negligence she joined as defendants the bus company and Harry L. Moulter, the driver of the automobile in which she was riding. At the trial the jury found the defendant company guilty of negligence and awarded damages against it, but made no reference in its verdict to the individual defendant. The court in banc overruled the defendant company's motions for a new trial and for judgment non obstante veredicto. On motion of the individual defendant, the court remolded the verdict so as to include a specific finding based upon the verdict that he was not negligent. From the judgment accordingly entered against it, defendant company has appealed.

The accident occurred shortly after six o'clock on the evening of November 15, 1931, at the intersection of Seventh Avenue and Grant Street, in the City of Pittsburgh. Both streets at that point are fifty-six feet wide from curb to curb, and two street car tracks lie in the center of Grant Street. According to Moulter's testimony, he was driving southwardly on Grant Street, and stopped at the intersection in obedience to a red traffic signal. When the light turned green, he started to make a left turn to go east on Seventh Avenue. He had completed the turn, and was several feet beyond the car tracks when the bus, coming northward on Grant Street, struck his machine about the middle of the right side. Moulter testified that before making the turn he had looked and observed that no traffic was coming north-

ward towards him on Grant Street near the intersection. He saw the bus for the first time after he had completed the turn and was leaving the intersection; it was then only about fifteen feet away and the collision followed almost immediately thereafter. Plaintiff testified that she saw the lights of the bus when they were about to make the turn. It was then from two hundred to two hundred and fifty feet away. After they had made the turn she again saw the bus, then only one hundred feet away and moving at a speed of forty miles an hour. Realizing the danger of the situation she cried out, "Oh, the bus." Other witnesses corroborated her estimate of the speed with which the bus approached the intersection.

Our examination of the record shows that the evidence fully supports the verdict against the defendant company. It clearly indicates that the driver of the bus was not vigilant in approaching the intersection, and did not have his vehicle under such control as to be able to stop at the shortest possible notice, as it was his duty: *Anderson v. Wood*, 264 Pa. 98; *Rankin v. Ward Baking Co.*, 272 Pa. 108; *Byrne v. Schultz*, 306 Pa. 427. As Mr. Justice DREW said, speaking for this court, in the case last cited (page 433): "The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look and see what is visible, before attempting to cross the intersecting street." In the face of the testimony it would have been error to have given binding instructions for the company or to have entered judgment non obstante veredicto in its favor. The witnesses for the company testified to facts which, if believed, would tend to prove that the Moulter car turned directly in front of the bus, which was moving slowly, and that its driver was wholly free of negligence. This conflict in the evidence was clearly a matter for the

jury to decide. Moreover, as the case depended entirely upon oral testimony, it was under our rule necessarily submitted to the jury: *Nanty-Glo Borough v. American Surety Co.*, 309 Pa. 236.

The defendant company points, however, to the undisputed fact that the collision shoved the Moulter car only a few feet, and that the latter was so little damaged that it was driven away under its own power. It is true that this may indicate the speed of the bus *at the moment of collision* was not great. It does not prove, however, that the bus was not previously traveling at an excessive speed, or that the driver applied his brakes as soon as he should have done so. Certainly this fact alone does not conclusively disprove his negligence. The motions for binding instructions and for judgment non obstante veredicto were properly refused by the court. See *Brzyski et al. v. Schreiber*, 314 Pa. 353, at p. 355.

In support of the motion for a new trial, it is argued that the trial judge erred in charging the jury that if they found for plaintiff, defendants would be responsible for any aggravation of an old injury or condition, as well as for a new injury caused by the accident. It is asserted that plaintiff made no claim for an aggravation of a previously existing condition, but on the contrary testified that she had been in good health prior to the accident. Relying upon *Littman v. Bell Tel. Co.*, 315 Pa. 370, the defendant company earnestly contends that the introduction of this new element for damages was error entitling it to a new trial. We cannot agree that the cited case has application to the facts before us. The element of aggravation of a prior condition was introduced into the case, not by the trial judge, but by counsel for the company.

One of the grounds upon which plaintiff based her right to recover damages in this action was that she is now extremely nervous, whereas before the accident she had enjoyed good health. Defendants, however, brought out that two years before the accident, plaintiff

had suffered an attack of neurosthenia, and produced evidence to show that plaintiff had been an unusually nervous person. The purpose of this testimony, of course, was to impress upon the jury that plaintiff's nervousness was to some extent due to an unusual condition existing prior to the accident. Under these circumstances we are of opinion that the defendant company was not harmed by the instructions to the jury. While perhaps not worded in the exact language applicable to the facts of the case, our reading of the charge in the light of the evidence before the jury convinces us that the jury was in no wise misled by the instructions, and that defendant company has no just ground for complaint on this score.

It is contended that Moulter admitted his negligence, and that the verdict awarding damages against the bus company alone was inconsistent and against the evidence. With this interpretation of Moulter's testimony we cannot agree. He said that he looked in the direction from which the bus came before making the turn, and saw his way clear before proceeding at a speed of less than ten miles an hour. That he first saw the bus when it was almost upon him does not necessarily prove that his former statement was false; it might equally indicate that the bus approached at a high speed. The reconciliation of the conflict in the testimony was for the jury, and we cannot say, as a matter of law, that the verdict reached by it was not justified.

Complaint is made of the remolding of the verdict. In this we see no error. It is clear that a court has the power to mold a verdict to agree with the obvious intention of the jury: *Friedly v. Scheetz,* 9 S. & R. 156; *Cohn v. Scheuer,* 115 Pa. 178; *Shively v. McDonnell,* 308 Pa. 298. A governing precedent for the action of the court is to be found in *Nelson v. P. R. T. Co.,* 314 Pa. 27. There, as here, the action was against two defendants, and the jury was instructed that they might find neither of the defendants liable, or both, or only

one. The jury returned a verdict against one of the defendants, with no finding as to the other. We held that the trial court might properly have amended the verdict so as to show the obvious intention of the jury that the one defendant should not be held liable. This is a power, the exercise of which lies within the sound discretion of the court: *Cohn v. Scheuer*, supra.

It is true, as appellant points out, that plaintiff, in her statement of claim, alleged the accident to have been due to the "combined, joint and concurrent" negligence of both defendants. This, however, did not preclude the jury from determining that, in fact, only one of the defendants was negligent. The Act of June 29, 1923, P. L. 981, specifically provides that "Whenever it is pleaded in any suit that two or more defendants are jointly liable for the cause of action specified, and, in the opinion of the trial judge, the evidence may not justify a recovery against some of them, the suit shall not be dismissed as to all, but the case shall be submitted to the jury, if the facts are in dispute, to determine which, if any of them, are liable . . . " Under this provision the jury was clearly authorized to return a verdict against one of the defendants, even though joint negligence was the one ground upon which plaintiff predicated her action: see *Cleary v. Quaker City Cab Co.*, 285 Pa. 241; *Moraski v. P. R. T. Co.*, 293 Pa. 224; *Gable v. Yellow Cab Co.*, 300 Pa. 37. The assignments of error are overruled.

The judgment is affirmed.