Wadatz, Admrx., Appellant, v. Taormina et al.

Argued March 26, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thompson Bradshaw,* for appellant.

*Leonard L. Ewing,* with him *Reed and Ewing,* for appellee.

OPINION BY MR. JUSTICE JONES, April 14, 1947:

This appeal might well be quashed, as the appellee has moved, because of the appellant's patent failure to comply with our Rules as to the proper contents of an appellant's brief. However, inasmuch as the appeal has been extensively argued on the merits, we choose to dispose of it on the same basis and, by so doing, perhaps confirm that an appeal which fails to raise a single respectable legal question or a justifiable complaint of trial error rightfully has no chance of success.

The action out of which the instant appeal arose was instituted to recover damages for the death of the plaintiff's decedent allegedly through the negligence of three defendants, all of whom bear the same name (Anthony Taormina) and who are designated in the record, for purposes of identification, as first defendant, second defendant and third defendant.

The first defendant, doing business as Monaca Produce Company, was the owner of two commercial trucks which, at the close of a day's work, he instructed his nephews (second defendant and third defendant) to drive to the garage some few blocks away. The second defendant, who was twenty years old, was not a licensed operator. He started out with the first truck and was followed by the third defendant, eighteen years old, driving the second truck. En route to the garage, the

first truck, after turning a corner at a street intersection, ran into the side of a passenger automobile parked along the curb, striking and mortally injuring the plaintiff's decedent, then in the act of entering the automobile from the side on which it was struck by the truck.

Neither the negligence nor liability of the second defendant is questioned; nor is the first defendant's joint liability under the rule of *respondeat superior* disputed. On the other hand, at all material times up to the happening of the accident, the second truck was to the rear of the first truck and never came in physical contact with the first truck nor with the plaintiff's decedent nor with the automobile he was entering when stricken down. It is the plaintiff's theory that, on the basis of certain testimony in the case, the drivers of the trucks were engaged in a "brush of speed" in their approach to and in rounding the corner at the street intersection, the second truck being so close upon the first as to render the driver of that truck apprehensive for his safety because of threatened collision from the rear and, therefore, less regardful of the safety of others than he should have been in the circumstances. The plaintiff accordingly urged upon the trial court and jury that the fatal injuries to the plaintiff's decedent were the result of concurrent negligence on the part of the second and third defendants for which the first defendant, as master, was also liable.

The learned trial judge submitted the case to the jury as to all three defendants, specifically, on the basis of the plaintiff's theory of liability as to the third defendant. The jury returned a verdict in favor of the plaintiff and against the first and second defendants in a substantial amount but made no mention of the third defendant one way or the other. In the then absence of the trial judge, the verdict, as returned by the jury, was taken and recorded on November 23, 1945, by another member of the court. Upon timely application

by counsel for the third defendant and with due notice to and without objection from the plaintiff, the trial court thereafter molded the verdict so as to include therein a verdict in favor of the third defendant and against the plaintiff.

The first and second defendants filed motions for judgment n. o. v. and for a new trial which need not again be mentioned other than to say that both motions were denied in orders by the court on February 14, 1946; and, on the same day, judgment was entered on the money verdict in favor of the plaintiff and against the first and second defendants. No appeal was taken from that judgment by anyone. A further motion by the first and second defendants for a new trial as against the third defendant remained pending but was later voluntarily withdrawn by the movants (over the plaintiff's objection) by leave of court.

The plaintiff (out of time) filed a bare motion for a new trial as against the third defendant without a single supporting reason and, at the same time, petitioned the court to vacate the molded verdict and to reinstate the verdict as originally returned by the jury; a rule to show cause was granted on that petition. Three and a half months after verdict, the plaintiff for the first time filed reasons in support of her motion for new trial. Argument thereon was then had following which the motion for new trial was discharged, as was also the rule to vacate the verdict, in an opinion by the learned court below which painstakingly considered and correctly answered each of the appellant's complaints,—all manifestly afterthoughts of a litigant who, while not dissatisfied with the amount of the recovery, was disappointed that only two of the three impleaded defendants had been held responsible by the jury. Judgment was then entered on the molded verdict in favor of the third defendant and against the plaintiff. It is from that judgment that the plaintiff brings this appeal.

Although the appellant continues to complain of the molded verdict, she has not assigned for error the action of the court below in such regard. However, treating the matter as before us, in the spirit of our Rule 37, we think the learned court below acted correctly in molding the verdict as it did. The court's power so to act is beyond question: *Maize, Admr. v. Atlantic Refining Company,* 352 Pa. 51, 60, 41 A. 2d 850; *Reppert v. White Star Lines, Inc.,* 323 Pa. 346, 351, 186 A. 788; *Nelson v. Philadelphia Rapid Transit Company,* 314 Pa. 27, 28-29, 170 A. 269. And, the record leaves no doubt that the jury intended, by its verdict, to exculpate the third defendant from any responsibility for the accident to the plaintiff's decedent. That an appropriate occasion for the exercise of the court's relevant power was at hand is manifest. What was said for this court in the *Reppert* case, supra, at pp. 351-352 is peculiarly apposite in present connection: "Complaint is made of the remolding of the verdict. In this we see no error. It is clear that a court has the power to mold a verdict to agree with the obvious intention of the jury: Friedly v. Scheetz, 9 S. & R. 156; Cohn v. Scheuer, 115 Pa. 178; Shively v. McDonnell, 308 Pa. 298. A governing precedent for the action of the court is to be found in Nelson v. P. R. T. Co., 314 Pa. 27. There, as here, the action was against two defendants, and the jury was instructed that they might find neither of the defendants liable, or both, or only one. The jury returned a verdict against one of the defendants, with no finding as to the other. We held that the trial court might properly have amended the verdict so as to show the obvious intention of the jury that the one defendant should not be held liable. This is a power, the exercise of which lies within the sound discretion of the court: Cohn v. Scheuer, supra." It was thus that the plain intention of the jury, as indicated by its own return, was made legally effective in the instant case. Nor can the court be thought to have abused its discretion in so acting.

Except for the final (Seventh) assignment of error which is general, combining, as it does, the court's refusal of the plaintiff's motion for a new trial and the judgment entered on the molded verdict in favor of the third defendant, all of the appellant's remaining assignments (First to Sixth incl.) respectively go to the excerpted portions of the trial court's charge to which, as a whole, the appellant had taken no more than a general exception. That the appellant's action to such effect was neither an inadvertence nor an oversight is all too evident, as the opinion for the court below reveals: "At the end of the charge the trial Judge asked counsel for both sides if they had any suggestions to make for additional instructions or corrections in the Court's statement of the law or the evidence, and counsel for plaintiff answered 'I have nothing.' " The appellant thus deliberately chose to rely upon a general exception and, by so doing, assumed the burden of pointing out fundamental error in the court's charge, for no instructions vital to the jury's proper conception of the basic principles of law involved were omitted by the court: cf. *Patterson v. Pittsburgh Railways Company,* 322 Pa. 125, 128, 185 A. 283. If additional instructions were desired, it was counsel's plain duty so to request. But, counsel did exactly the opposite. He affirmatively and knowingly refrained from requesting either additional instructions or corrections of the court's charge: see *Levinson v. McCoury,* 104 Pa. Superior Ct. 135, 138-139, 159 A. 55, which contains a well-selected collection of decisions pertinent to the question now under consideration.

In the two instances which the appellant especially stresses as constituting inadequate instructions, our examination reveals that the portions of the charge complained of were clear, explicit and readily understandable,—indeed, more so than the language which the appellant, after months of hindsight reflection, now offers as a desirable substitute. We are in complete

agreement with the learned court below that "A careful reading of the additional suggestions for charge which counsel for the plaintiff sets forth in his additional reasons in support of his motion for a new trial, compels . . . the conclusion that the language he would have used is no improvement on the language used by the Court. Certainly he points to no fundamental error in the charge".

Judgment affirmed.