## McBurney v. Wilt et al.

*Mercer & Buckley,* for plaintiff.

*Dickie, Robinson & McCamey* and *Charles J. Maloney,* for defendants.

ADAMS, J., August 19, 1947.—Motions by defendant, Wilt, for new trial and for judgment non obstante veredicto. Plaintiff, a patron of a public liquor dis-

pensing establishment, was the victim of an assault and battery committed upon him by another patron. Plaintiff brought one action against Stephen Hronec, his assailant, and Alvin H. Wilt, the proprietor of the tavern. His cause of action against Hronec was for assault and battery. His cause of action against Wilt was for negligence in failing to protect plaintiff. See A. L. I. Restatement of the Law of Torts, §348. The verdict was for plaintiff and "against defendants Alvin H. Wilt and Stephen Hronec for the sum of ten thousand dollars". The motion for judgment non obstante veredicto is not pressed and will be refused.

Defendant, Wilt, seeks a new trial, claiming: (1) The court erred in instructing the jury that it could return a joint verdict against both defendants, and (2) the verdict was excessive.

It was error for the court to permit the jury to return a joint verdict against the two defendants. This error may be corrected by amending the verdict so that plaintiff has separate verdicts for $10,000 against each defendant. Such an amendment will make the verdicts conform to the clear intention of the jury: Wadatz, Admx., v. Taormina et al., 356 Pa. 481.

The pleadings plainly set up two separate causes of action, and no other kind of liability. The evidence was presented and received as proof of two separate causes of action, and no other kind of liability. The arguments of counsel contemplated separate causes of action, and no other kind of liability. The charge of the court dealt with the two separate causes of action, and no other kind of liability. As defense counsel clearly stated in his objection to the charge:

"There is no suggestion that there was joint negligence on the part of these two defendants . . . the two cases are based on two different grounds. It is not even claimed it was a joint tort."

The quoted objection (like the argument now advanced) is not predicated on any failure of the court to submit the liabilities of defendants exclusively, as separate and distinct causes of action. It is not argued that the jury's finding, in fact, could have been anything except a finding for plaintiff against each defendant in each separate cause of action. It is not contended that the amount ($10,000) of the verdict is not the sum which the jury clearly intended to award plaintiff. Defendant simply says that the verdict cannot be amended to conform to the jury's clear intention where that intention was expressed in a wrong form of verdict, and the error was exclusively that of the trial judge. In our opinion, this is not the law.

In Maize v. Atlantic Refining Co., 352 Pa. 51, in an opinion by Chief Justice Maxey, the right of the court to correct a mistake in a recorded verdict was considered. It was pointed out that this right did not extend to verdicts which juries *intended* to return and have recorded. But correction of the verdict in that case was ordered because:

"In the instant case the verdict received and recorded was not the verdict the jury had agreed upon. Through a clerical error on the part of the trial judge the verdict *recorded* was not the jury's real verdict. What the verdict in the jury's mind was and what it thought the verdict it was rendering was is not questioned by anyone. If under such circumstances a palpable mistake in the receiving and recording of a jury's verdict cannot be corrected by the court and the true verdict substituted therefor, justice must be sacrificed so that the recording of a jury's verdict may be invested with sacrosanct rigidity. Fortunately, the law does not require courts to apply any such unreasonable rule." (p. 59.)

This language aptly describes the present case. We recognize that the court's error here was one of law

and the error in the cited case was "clerical". But this distinction subtracts nothing from the force of the cited decision as the rule applicable here. The jury's intention is clear.

Was the verdict excessive? From the evidence it appears that plaintiff suffered a comminuted fracture of both bones of the lower left leg. He was hospitalized for 56 days. By an open reduction, a metal plate was placed over the fracture of the larger bone and held in place by screws. Limitation of motion in the ankle joint resulted. Plaintiff's leg was in a cast for nine months. He walked on crutches for seven months. He was unable to work for a year. He suffered great pain for a time and still suffers some. Plaintiff now experiences difficulty in stepping upward and downward. His left leg is one-half inch shorter than the right. There is a 50 percent industrial loss of the use of his left leg. This condition is permanent.

Hospital and medical expenses were $618. The evidence warranted a finding that the amount of lost earnings was $3,451.50. The balance of the verdict must be supported by evidence of pain and suffering and impairment of earning capacity. The evidence will not support a finding of $6,000 for these elements of damage. An award of $4,000 for these elements is supported by the evidence. If a reduction to that amount is made, the sum of the verdict would be $8,000. If plaintiff remits that part of the verdict which exceeds $8,000, a new trial will be refused. On failure to make such remission, a new trial will be granted.

*Order of court*

And now, to wit, August 19, 1947, the verdict in this case is amended to read:

"Verdict for plaintiff, Herman J. McBurney, against defendant, Alvin H. Wilt, for $10,000.

"Verdict for plaintiff, Herman J. McBurney, against defendant, Stephen Hronec, for $10,000."