May *v.* Pittsburgh Railways Company,
Appellant.

Argued November 15, 1966.   Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*Leo Daniels,* with him *Prichard, Lawler & Geltz,* for appellant.

*Gary F. Sharlock,* with him *Mercer & Buckley,* for appellees.

OPINION BY JACOBS, J., December 16, 1966:

The sole issue before us is whether or not the court below abused its discretion in granting a new trial.

On December 26, 1958 a streetcar owned by Pittsburgh Railways Company traveling south on Millvale Avenue in the City of Pittsburgh collided with an automobile traveling east on Sciota Street, and driven by Sandra Lee May, then a minor. The automobile driven by Sandra was owned by her mother, Sophie H. May, who was not in the automobile. As a result of the collision suit was begun against Pittsburgh Railways Company on behalf of Sandra for her personal injuries, on behalf of her parents, John L. May and Sophie H. May, for Sandra's medical expenses and loss of earnings during her minority, and on behalf of Sophie H. May for property damage to her automobile. The action of Sandra was severed from the action of her parents in their own right and she was joined

as an additional defendant in the latter action.[1] The cases were tried together.

In the action of the parents in which Sandra was joined as an additional defendant the jury brought in the following verdict: "In favor of John L. May and Sophie H. May to receive hospital and medical expenses amounting to $477.55. In addition, in favor of Sophie H. May to receive automobile expense amounting to $1,095.85, grand total of $1,573.40." In the case of Sandra for her personal injuries the verdict of the jury read as follows: "Sandra May Gregory is not entitled to any remuneration from the defendant."

The court below recognized the inconsistencies in the verdicts but, instead of sending the jury out with additional instructions in an attempt to have the jury reach consistent verdicts, attempted to reform the verdicts. In the case of the parents' action it struck out the award of medical expenses in the amount of $477.55, provided that the award in favor of Sophie H. May in the amount of $1,095.85 should be against Pittsburgh Railways Company only and entered a verdict in favor of Sandra May Gregory. In the case of Sandra for her personal injuries the court entered a verdict in favor of Pittsburgh Railways Company and against Sandra. The Mays moved for a new trial and Pittsburgh Railways Company moved for judgment n.o.v. The court below dismissed Railways motion for judgment n.o.v. and a new trial was granted generally.

On appeal the appellant, Pittsburgh Railways Company, does not press its motion for judgment n.o.v. It argues that the verdict was correctly molded by eliminating the parents' award for medical expenses and

---

[1] At the time of trial Sandra had attained her majority and had married and is designated in the captions as Sandra May Gregory.

that the finding in favor of Sophie H. May for property damage to her automobile should be either entered as a verdict against both the Railways and Sandra May Gregory, or be retried as the only issue remaining in the case.

In molding the verdict by taking the award for medical expenses away from the parents the lower court obviously applied the rule that the contributory negligence of the minor bars such recovery. *Perkon v. Marnella,* 392 Pa. 319, 140 A. 2d 799 (1958); *Rice v. Kring,* 310 Pa. 550, 165 A. 833 (1933); Restatement 2d, Torts, §494. However, in order to apply this rule the court had to first conclude that the jury had found that Sandra was contributorily negligent, but such finding did not necessarily follow from the verdict which might have been interpreted in a number of ways including a holding that Railways was not negligent or that neither was negligent. Furthermore a finding of contributory negligence conflicts with the jury's additional finding in favor of Sandra's parents for the medical expenses in view of the above rule. Also the award in favor of the parents for their medical expenses required an award of some damages to Sandra in her action under the doctrine of *Pascarella v. Pittsburgh Railways Company,* 389 Pa. 8, 131 A. 2d 445 (1957). We agree with the lower court's conclusion in granting a new trial, that the verdicts were inconsistent.

In order to mold the verdicts the trial judge had to assume facts which could not be determined from the verdicts. The rule that a trial court has power to mold a verdict to agree with the obvious intention of the jury, *Wadatz v. Taormina,* 356 Pa. 481, 52 A. 2d 220 (1947), does not apply here where the intention of the jury is far from obvious.

It has long been the law of Pennsylvania that a new trial is properly granted where verdicts are in-

consistent and in view of the confusion existing in this case we find no abuse of discretion in awarding a new trial generally. See *Thompson v. Iannuzzi,* 403 Pa. 329, 169 A. 2d 777 (1961).

Order affirmed.