## Noonan, Appellant, v. McHugh.

Argued November 22, 1968. Before BELL, C. J., JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Thomas C. Moore,* with him *William A. Valentine,* for appellant.

*Charles L. Casper,* with him *William J. Fahey,* for defendant, appellee.

*J. Thirwall Griffith,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 28, 1969:

Catherine I. Noonan was a passenger in an automobile operated by her son, Patrick Noonan, when it collided with an automobile operated by Manuel McHugh. Alleging that the collision was caused by McHugh's negligent driving, Catherine I. Noonan instituted this action against him to recover compensation for injuries suffered. McHugh joined Patrick Noonan as an additional defendant in the action, alleging that his negligence caused the collision, and that he "is alone liable or jointly and severally liable . . . for the cause of action asserted by Catherine I. Noonan." Patrick Noonan filed an answer to the complaint of the original defendant in which he asserted under "New Matter" that in consideration. of the payment of $2000, the plaintiff, Catherine I. Noonan, had released him from any and all claims arising out of the accident. The plaintiff did not reply to this answer because no notice to plead was endorsed on it. See, Pa. R. C. P. 1026.

At trial, the evidence disclosed that the collision occurred at the intersection of West River Street and West Ross Street in the City of Wilkes-Barre, and that the intersection is controlled by a traffic light. According to testimony introduced by the plaintiff, the Noonan automobile was proceeding north on West River Street and was in the intersection with the green light in favor of traffic traveling on West River Street, when it was hit by the McHugh automobile which was traveling in a westerly direction on West Ross Street. According to testimony introduced by the defendant McHugh, his automobile was more than half way through the intersection with the traffic light green and in favor of traffic traveling on West Ross Street, when it was hit by the Noonan automobile.

The trial judge instructed the jury, inter alia, that one of four verdicts was possible under the evidence: (1) If the jury concluded that neither operator of the automobiles involved was negligent, then the verdict should be against the plaintiff and in favor of both defendants; (2) If the jury concluded that the operators of both automobiles were negligent and that such negligence was the proximate cause of the accident, then the verdict should be in favor of the plaintiff and against both defendants, namely, McHugh and Patrick Noonan; (3) If the jury concluded that McHugh alone was negligent and that his negligence was the proximate cause of the accident, then the verdict should be in favor of the plaintiff and against the defendant McHugh only; and (4) If the jury concluded that Patrick Noonan was alone negligent and that his negligence was the proximate cause of the accident, then the verdict should be in favor of the plaintiff and against the defendant Noonan only. A general exception to the charge was noted of record by counsel for both Catherine I. Noonan and Manuel McHugh.

Three separate verdict slips were sent out with the jury. Each slip was captioned differently, namely: (1) "Catherine I. Noonan v. Patrick Noonan"; (2) Catherine I. Noonan v. Manuel McHugh"; and (3) "Catherine I. Noonan v. Manuel McHugh (defendant) and Patrick Noonan (additional defendant)." Each slip had printed on it, "We the jury in the above case, find a verdict in favor of . . . Foreman."

At the conclusion of its deliberations, the jury returned to the courtroom and delivered to the trial judge the three verdict slips. On slip No. 1, captioned "Catherine I. Noonan v. Patrick Noonan," there was written in longhand after the printed words "find a verdict in favor of" the following: "Catherine I. Noonan for $10,000. William Parry, Foreman." Jury slips Nos. 2 and 3, supra, were in blank with no writing on them at

all. The court did not mold the verdict, nor was it requested to do so. A verdict was recorded in favor of Catherine I. Noonan v. Patrick Noonan in the amount of $10,000. No objection was entered by counsel. Subsequently, Catherine I. Noonan filed a motion for a new trial which was denied. Without the entry of any judgment, she filed this appeal. Patrick Noonan did not appeal.

On the present state of the record, we decline to entertain the appeal. With respect to the verdict entered in favor of Catherine I. Noonan against Patrick Noonan, no judgment has been entered. An appeal lies only after a judgment has been entered. *Bartkewich v. Billinger,* 430 Pa. 207, 241 A. 2d 916 (1968), and *Straw v. Sands,* 426 Pa. 81, 231 A. 2d 144 (1967). A like situation prevails with respect to the claim of Catherine I. Noonan v. McHugh. A judgment has not been entered in this case because no specific verdict of the jury was entered in connection with the case against McHugh. As to this particular claim, we will, therefore, remand the record to give the court below the opportunity of considering the propriety of molding the jury's verdict. See *Wadatz v. Taormina,* 356 Pa. 481, 52 A. 2d 220 (1947), and *Maize v. Atlantic Refining Co.,* 352 Pa. 51, 41 A. 2d 850 (1945).

Appeal dismissed and record remanded.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.

————

DISSENTING OPINION BY MR. JUSTICE JONES:

The record clearly and unequivocally reveals that in the litigation between Catherine Noonan (plaintiff) and Manuel McHugh (original defendant) the jury did not render *any* verdict whatsoever. The *only* verdict rendered was in favor of Catherine Noonan (plaintiff) and against Patrick Noonan (additional defendant).

Under these circumstances and on this record, I am at a loss to understand how the majority of the Court can take the position that the trial court could have molded the verdict and directed a verdict in favor of McHugh and against Catherine Noonan and that, even now, this Court could remand the record to the court below for such a purpose. My reading of this record does not persuade me that the jury clearly and unequivocally by their verdict rendered against Patrick Noonan intended to absolve McHugh of liability to Catherine Noonan.

The majority translates the absence of *any* verdict in the litigation between plaintiff and the original defendant and the *presence* of a verdict in the litigation between the plaintiff and the additional defendant into a jury intent to absolve the original defendant, a non sequitur in my opinion. To reach its result the majority speculates—without any basis of record—as to the jury's intention; such action is beyond the power of a court. See: *May v. Pittsburgh Railways Co.,* 209 Pa. Superior Ct. 126, 224 A. 2d 770 (1966). Cf.: *Wadatz v. Taormina,* 356 Pa. 481, 52 A. 2d 220 (1947).

Moreover, I believe that the result reached by the majority offends a Constitutional right of Catherine Noonan. Article 1, Section 6, of our Constitution provides: "Trial by jury shall be as heretofore and the right thereof remain inviolate." That the right to a jury trial exists in trespass actions is beyond question. Inherent and basic in the right to trial by jury is that the jury not only hear the factual issues but arrive at *some* determination after such hearing. Unless a jury comes to *some* conclusion as to the facts the right to trial by jury is meaningless. In the case at bar, the jury did hear all the competent and relevant facts as to the liability of McHugh to Catherine Noonan but arrived at no determination whatsoever. Catherine Noonan was entitled to a verdict either in her favor or

against her in her lawsuit against McHugh; that she did not receive. In my opinion, absent *any* verdict, Catherine Noonan did not receive the trial by jury contemplated by our Constitution.

I would reverse the order of the court below* and grant a new trial to Catherine Noonan in her suit against McHugh.

---

*Time and again we have held that an appeal lies only from a judgment entered on a verdict and that an appeal from an order granting or refusing a new trial is not an appealable order. However, the instant appeal lies because, in the absence of *any* verdict, the entry of judgment was impossible and, by reason of this most exceptional circumstance, the appeal must be entertained.