## Rosenbloom v. Engines, Inc.

*Paul Breen*, for plaintiff.
*Howard J. Katz*, for defendant.

GUARINO, *J.*, January 11, 1979—The question raised in this case is whether a pleading not endorsed with the required notice to plead may be challenged by preliminary objection filed beyond the 20-day limitation period of Pa.R.C.P. 1026. We answer this question in the negative. The background for our decision is as follows.

An action in assumpsit was instituted by complaint on May 16, 1977, and the complaint was duly served on May 18, 1977. It was not until November 25, 1977, that defendant filed a responsive pleading-answer, new matter and counterclaim.[1] This pleading was not endorsed with a notice to plead as required by the rules of pleading.[2] The issue is framed by plaintiff's preliminary objection to defendant's answer, new matter and counterclaim, filed November 8, 1978, and defendant's answer objecting to the timeliness of the preliminary objections.

The Philadelphia Common Pleas Court has spawned two acceptable methods of challenging a defective preliminary objection: (1) by filing preliminary objections to preliminary objections: Estate of Patterson v. D'Angelo, 1 PICO 238 (C.P. Phila. 1977) and cases cited therein; and (2) by filing a responsive praecipe and memorandum of law pursuant to Local Rule 140: Colihan v.

---

1. The delay in filing is explained by settlement negotiations between the parties.

2. Pa.R.C.P. 1026.

Wolfman, 2 PICO 191 (C.P. Phila. 1977). The Colihan court disapproved of the practice of challenging the preliminary objections by a preliminary objection. But, Amram in his treatise, 2 Goodrich-Amram 2d §1017(b):5, approves of it, stating that while the title "preliminary objection to preliminary objection" is awkward, it is accurate, and its use for attacking a preliminary objection that does not conform to the rules is proper and should be used instead of an "answer" to preliminary objections. We see no valid reason for preferring one over the other.

Pa.R.C.P. 1026 provides: "Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no responsive pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."

Under the rules, a preliminary objection is a pleading: Pa.R.C.P. 1017(a).[3] Like any other pleading, it must be filed in conformity with Rule 1026, 20 days after service of the preceding pleading. Like any other pleading, a defective preliminary objection may be challenged. See Estate of Patterson v. D'Angelo, supra; Colihan v. Wolfman, supra.

Neither party has argued what effect, if any, defendant's failure to endorse the answer, new matter and counterclaim with notice to plead within 20 days has on subsequent pleadings, here, on plaintiff's preliminary objection.

---

3. Rule 1017(a)."The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto."

While the unendorsed pleading eliminates the necessity for filing a responsive pleading: Pa.R.C.P. 1026; Noonan v. McHugh, 434 Pa. 338, 253 A. 2d 628 (1969); 2 Goodrich-Amram 2d §1026:2; the time limitation for filing any pleading subsequent to a complaint is not enlarged upon for failure to endorse the preceding pleading: Yarbrough v. Reid, 2 PICO 318 (C.P. Phila. 1978). Thus, the effect of defendant's failure to endorse the answer, new matter and counterclaim with notice to plead is that plaintiff does not have to make a responsive pleading at all; the averments in the new matter and counterclaim are deemed denied without more.[4] The failure, however, does not mean that plaintiff may answer the unendorsed pleading at any time. A plain reading of Rule 1026 compels the conclusion that a pleading ". . . *shall* be filed within twenty (20) days of service of the preceding pleading." The word "shall" denotes and connotes what is mandatory when used in the law: Amalgamated Transit Union, Div. 85 v. Port Authority of Allegheny County, 417 Pa. 299, 208 A. 2d 271 (1965); Reinhold v. Weiss, 1 PICO 45 (C.P. Phila. 1976).

We note, too, that our ruling striking off plaintiff's preliminary objection will in nowise effect the substantive rights of the parties. The averments of the new matter and counterclaim are deemed denied despite the lack of a responsive pleading, and defendant will have to prove what is there alleged in order to prevail.

Accordingly, we enter the following

---

4. Pa.R.C.P. 1029(d). "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied."

## ORDER

And now, January 11, 1979, it is hereby ordered and decreed that plaintiff's preliminary objections are dismissed.